**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert L. PETTIT,
Defendant–Appellant.**

**No. 90–3261.**

United States Court of Appeals,
Tenth Circuit.

July 3, 1991.

David J. Phillips (Charles D. Anderson, Federal Public Defender, with him on the brief), Asst. Federal Public Defender, for defendant-appellant.

D. Blair Watson (Lee Thompson, U.S. Atty., and Julie A. Robinson, Asst. U.S. Atty., with him on the brief), Asst. U.S. Atty., D. Kansas, for plaintiff-appellee.

Before TACHA, BALDOCK, and EBEL, Circuit Judges.

TACHA, Circuit Judge.

Defendant-appellant Robert Pettit appeals a sentence of ninety-seven months' imprisonment under the United States Sen-

tencing Guidelines for a conviction of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). On appeal, Pettit argues the district court erred by enhancing his criminal history category under the Sentencing Guidelines two points for a prior sentence of imprisonment that was a misdemeanor bad check conviction and another two points for committing the instant offense while under a criminal justice sentence. We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.

Pettit was convicted by a jury of possession with intent to distribute crack cocaine. A presentence investigation was conducted, and a report was issued in March 1989. Pettit objected to a four point increase in his criminal history score in the presentence report based on a six month sentence for a Kansas misdemeanor conviction in 1985. His objection was noted in an addendum to the presentence report. The district court considered and overruled this objection at the sentencing hearing. The court sentenced Pettit to 120 months' imprisonment based on an adjusted offense level of twenty-eight and a criminal history category of III.

Pettit appealed his original sentence to this court in May 1990. In *United States v. Pettit*, 903 F.2d 1336 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 197, 112 L.Ed.2d 159 (1990), we affirmed the conviction but reversed the sentence and remanded to the district court for resentencing. We held the sentencing court improperly made an upward adjustment to Pettit's offense level for his role as an "organizer, leader, manager, or supervisor" under section 3B1.1 of the Guidelines by considering Pettit's role in other criminal conduct for which he was not convicted. *Id.* at 1341. Because the issue of the validity of the criminal history computation was not raised in the original appeal, we did not address it.

On resentencing, Pettit submitted a letter to the probation officer objecting to the presentence report on some of the same grounds he objected to the original presentence report. In this letter, Pettit asserted: (1) the misdemeanor bad check conviction should not affect the criminal history category; (2) the criminal history category should not be adjusted further because Pettit committed the instant offense while under a criminal justice sentence; and (3) the sentencing commission did not intend a total enhancement of four points for a misdemeanor bad check conviction. The objections were noted in an addendum to the revised presentence report. The district court overruled these objections and resentenced Pettit to ninety-seven months' imprisonment based on an offense level of twenty-six and a criminal history category of III.

Pettit's objections to his resentencing relate to the district court's consideration of Pettit's guilty plea to a misdemeanor offense for writing a worthless $11.00 check. In 1985 a state court sentenced Pettit to six months in county jail for that offense and ordered him to pay attorneys' fees and court costs. After Pettit served six days of this sentence, the state court issued an order on January 25, 1985 paroling Pettit for a period of two years and requiring him to pay court costs and attorneys' fees by April 1, 1985. When Pettit failed to appear for a probation revocation hearing, the court issued a warrant for his arrest on May 31, 1985. The warrant was served and Pettit signed and posted a $500 recognizance bond. When Pettit did not pay the fees by August 9, 1985, the state court issued another warrant on August 21, 1985 that never was served. Having won a reduction of his offense level score in his previous appeal, Pettit argues in this appeal that the federal district court should not have enhanced his criminal history score for that prior misdemeanor conviction.

■ The government contends this appeal should be dismissed for lack of jurisdiction because Pettit waived his objections to the sentence by not raising them in his prior appeal. Although we discourage piecemeal litigation, we cannot conclude we do not have jurisdiction to hear this appeal. Section 3742 of Title 18 grants appellate jurisdiction over "sentences imposed as a result of an incorrect application of the

sentencing guidelines." 18 U.S.C. § 3742. In arguing the district court should not have enhanced the criminal history category four points for a misdemeanor bad check conviction, Pettit is challenging the district court's application of the Guidelines. Therefore, we have appellate jurisdiction.

■ The government also argues Rule 35 of the Federal Rules of Criminal Procedure should have limited the district court's reconsideration to the major participant enhancement. Rule 35 instructs a court to correct a sentence on remand either "for imposition of a sentence in accord with the findings of the court on appeals" or "for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect." Fed.R.Crim.P. 35. Here, we remanded the case for resentencing. We did not instruct the district court to reconsider only the major participant issue. Therefore, the district court did not err in ordering another presentence report and reconsidering the issue of enhancement based on the misdemeanor bad check conviction during resentencing. Because the district court reconsidered this issue based on our remand for resentencing, Rule 35 does not prohibit Pettit from raising the prior conviction enhancement issue on appeal.

■ Pettit contends the district court erred in adding two points to his criminal history score for his prior bad check misdemeanor conviction. We review de novo the district court's legal conclusions regarding the application and interpretation of the Guidelines. *United States v. Tisdale*, 921 F.2d 1095, 1100 (10th Cir.1990). Section 4A1.1(b) of the Guidelines instructs a sentencing court to "add 2 points for each prior sentence of imprisonment of at least sixty days." U.S.S.G. § 4A1.1(b). The commentary explains that the "length of a sentence of imprisonment is the stated maximum" for purposes of applying section 4A1.1(b). *Id.* § 4A1.2, comment. (n.2). The commentary also requires a defendant to "have actually served a period of imprisonment" on a sentence for that sentence to qualify for the criminal history computation. *Id.* Section 4A1.2(c) states that sen-

tences for misdemeanors that do not fall under an exception must be counted in the criminal history computation. Exceptions to the misdemeanor rule are listed with the qualification that they and offenses similar to them do not count *unless* "the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days." *Id.* § 4A1.2(c)(1).

Pettit received a sentence of six months for his bad check conviction. He served six days of that sentence in prison. Six months' imprisonment is not probation, and it clearly exceeds thirty days. Because Pettit's conviction involved a sentence of imprisonment of more than thirty days, it cannot qualify as an exception to the general rule that counts misdemeanors in the criminal history computation. The district court did not err in adding two points to Pettit's criminal history score for this conviction.

■ Pettit also contends the sentencing judge should not have added two more points to his criminal history score simply because he failed to pay the court costs for his bad check conviction. He argues his sentence of parole had expired when he was arrested for the instant offense even though there was an outstanding warrant for his failure to appear at a parole revocation hearing for the misdemeanor offense. Section 4A1.1(d) of the Guidelines requires a sentencing court to "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence...." U.S.S.G. § 4A1.1(d). The commentary to this section indicates "a 'criminal justice sentence' means a sentence countable under § 4A1.2." *Id.* § 4A1.1(d), comment (n.4). We already have held the misdemeanor was countable under section 4A1.2, and therefore it is a criminal justice sentence for purposes of applying section 4A1.1(d).

■ When a criminal justice sentence would have expired but for failure to satisfy a condition of that sentence, a court looks to state law to determine whether a warrant issued by the supervising court to enforce that condition tolls the sentence. *See United States v. Dillon*, 905 F.2d 1034,

1037 (7th Cir.1990); *cf. United States v. Dyke*, 901 F.2d 285, 287 (2d Cir.) (defendant is under a "criminal justice sentence" for failing to meet a condition of that sentence or following procedures for having the condition eliminated), *cert. denied,* — U.S. —, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990); United States Sentencing Comm'n, *Questions Most Frequently Asked About the Sentencing Guidelines* quest. 31 (vol. IV 1990) (Guidelines indicate defendant subject to active warrant for probation violation remains under that sentence for purposes of section 4A1.1(d) even though term of probation expired). In *Dillon,* the court explained a state statute provides that a warrant entered before the expiration of the supervised release period may toll the supervision period. *Id.* In this way, a criminal justice sentence that would have expired can remain in effect for purposes of computing the criminal history category. *See id.*

Title 22, section 3716 of the Kansas Statutes authorizes a supervising court to "issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment or a notice to appear to answer to a charge of violation." Kan.Stat.Ann. § 22–3716(1) (1988). This provision also states that when a warrant issued by the court cannot be served, the "court shall determine whether the time from the issuing of the warrant to the date of the defendant's arrest ... shall be counted as time served." *Id.* § 22–3716(3). Although section 22–3716 does not directly address the violation of a parole condition, another statute instructs that parole and probation are to be treated identically for purposes of termination and discharge. Kan.Stat.Ann. § 21–4612 (1988). We see no reason not to apply section 22–3716 to parole violations.

Section 22–3716 leaves to the state court's discretion the determination whether to grant a defendant credit toward a period of supervision for the time that passes while a warrant is outstanding. Therefore, that time cannot be counted toward a period of supervision without an exercise of discretion by the state court.

The Kansas legislature expressed this intent by providing in the preceding sentence that when a warrant issued for violation of a condition of probation cannot be served, the defendant is a "fugitive from justice." Time spent as a fugitive cannot count as time served on parole unless the court decides to credit the defendant with this time. *Cf.* Kan.Stat.Ann. § 75–5217(d) (1989) (when Secretary of Corrections issues warrant for parole violation and warrant cannot be served, time from issuance of warrant to date of arrest "shall not be counted" toward parole sentence).

Pettit failed to attend the hearing scheduled under the first warrant and never was served the second warrant. Because no hearing took place, the state court has not credited the time from the issuance of the warrant to his probation sentence. At the time of his arrest for the instant offense, Pettit had served a little over four months toward a two year parole and had not paid the court costs or attorneys' fees that are an integral part of that sentence. A warrant was outstanding, and the sentence had not been discharged. The district court did not err in enhancing Pettit's criminal history score because he was still under a criminal justice sentence for the bad check conviction.

We AFFIRM.