991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alan Joseph ROCKFORD, Defendant-Appellant.
 No. 92-6265.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Alan Joseph Rockford was charged in a 33 count indictment, and pled guilty to charges of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988), and of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Mr. Rockford objected to the presentence report, and a hearing was held at the sentencing proceeding on July 14, 1992. The district court accepted two of his objections and denied the remainder, sentencing him to concurrent 240 month terms of imprisonment and 3 years supervised release. Mr. Rockford appeals, and we affirm.
 
 
 3
 Mr. Rockford ran a cocaine distribution scheme in Oklahoma City, Oklahoma, from about 1983 until his arrest in 1991. He flew to Miami, Florida several times to pick up a kilo of cocaine for distribution in Oklahoma City. Mr. Rockford also recruited individuals to make the trip to Miami and to carry the cocaine back to Oklahoma City. In addition to codefendant Eugene Miles, two other persons carried cocaine from Miami to Oklahoma City while traveling with Mr. Rockford.
 
 
 4
 Mr. Miles entered into a plea arrangement whereby he would receive a ten year sentence in exchange for cooperating in the investigation. His assistance aided the government in determining the amount of cocaine involved in the operation as well as detailing Mr. Rockford's role in the distribution scheme.[1] Mr. Rockford's sentence was adjusted upward because the district court found that he was a leader or organizer of a criminal activity involving five or more participants and which was otherwise extensive. U.S.S.G. § 3B1.1(a). An Oklahoma driving under the influence (DUI) conviction and a Colorado assault conviction increased his criminal history category to II. Mr. Rockford contends the evidence does not support the finding that he is a leader or organizer of a cocaine distribution scheme, that his criminal history is overstated warranting a downward departure, and that the court should have departed downward based on his diminished mental condition.
 
 
 5
 Mr. Rockford first objects to the upward adjustment of his sentence due to the court's finding that he was a leader or organizer of a criminal activity involving five or more participants and that was otherwise extensive. U.S.S.G. § 3B1.1(a). The court found that more than five participants were involved in this activity, including three who made the trip to Miami, two who sold cocaine for Mr. Rockford in Oklahoma City, the Miami source, and Mr. Rockford himself. The court based its finding that the activity was "otherwise extensive" on several factors including Mr. Rockford maintaining a cocaine connection in Miami; recruiting persons to transport the cocaine back to Oklahoma City; soliciting others to sell cocaine for him; and a weapons arsenal to protect the operations. Additionally, the amount of cocaine involved coupled with the length of time of the cocaine distribution scheme add to the extensiveness of the activity. Mr. Rockford further asserts that his codefendant, Mr. Miles, was the leader or organizer. We are not persuaded. Although Mr. Miles has been involved in illegal drug activity since the 1970's and had at times sold cocaine to Mr. Rockford, the facts regarding Mr. Rockford's involvement support the finding that he was the leader of the cocaine scheme. Our review of the record indicates that the district court thoroughly considered Mr. Rockford's role in this offense. The district court's finding that Mr. Rockford was a leader or organizer of a cocaine distribution scheme warranting an increase in his sentencing guidelines range was not clearly erroneous. United States v. Bernaugh, 969 F.2d 858, 862 (10th Cir.1992).
 
 
 6
 Mr. Rockford also claims that his criminal history was "overstated." At the sentencing hearing, he objected to a 1987 DUI conviction, arguing that the charge was closely related to the cocaine charge and should not be considered separate. The court found that the two offenses are separate. On appeal, Mr. Rockford concedes that the DUI is not legally related to the cocaine distribution charge, but maintains that inclusion of the charge overstates his criminal history and warrants a downward departure. He also complains that a misdemeanor assault charge in Colorado should not have been included in his criminal history because the charge was effectively expunged. The probation officer who prepared the presentence report, however, contacted Colorado authorities and was told the charge was not expunged. The probation officer was told that although the charge was considered dismissed, in Colorado it would nevertheless be counted in calculating criminal history. Rec., vol. III, at 90.
 
 
 7
 The court carefully considered both of Mr. Rockford's objections to his criminal history and his request for a downward departure but declined to depart downward from the guidelines. U.S.S.G. § 4A1.3, p.s. We can not review a district court's refusal to depart downward when the sentence imposed is within the guideline range. United States v. Roberts, 980 F.2d 645, 648 (10th Cir.1992). Mr. Rockford's sentence of 240 months is within the guideline range.
 
 
 8
 The district court also declined to depart downward on the basis of Mr. Rockford's mental condition and drug and alcohol abuse. Although, we generally can not review the district court's refusal to exercise its discretion to depart downward from the sentencing guidelines, United States v. Eagan, 965 F.2d 887, 893 (10th Cir.1992), we may review sentences imposed through incorrect applications of the sentencing guidelines, 18 U.S.C. 3742(a)(2) (1988); United States v. Pettit, 938 F.2d 175, 177-78 (10th Cir.1991). Mr. Rockford alleges that the district court incorrectly applied policy statement 5K2.13 of the sentencing guidelines, and that we therefore have jurisdiction.
 
 
 9
 Mr. Rockford argues that the district court, after acknowledging his mental condition and drug and alcohol abuse, did not consider whether these problems were a contributing factor to his involvement in the instant criminal activity thus warranting a downward departure under section 4A1.3. The record reveals, however, that the court clearly considered the connection between Mr. Rockford's mental condition and his criminal activity: Mr. Rockford's conduct "required the exercise of faculties that could be expected only of a person in possession of his senses, cognition and volition. And in the course of criminal conduct he exercised those faculties to a high degree." Rec., vol. III, at 112. The court then stated, "I'm not going to exercise discretion to depart downward on that basis." Id.
 
 
 10
 The district court's imposition of sentence is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10 Cir.R. 36.3
 
 
 [1]
 The government also received testimony from Mr. Rockford's ex-wife (which was found to be not wholly credible by the district court), as well as information a detective gathered from other participants in the cocaine distribution scheme