39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
DeWayne ARTERBERRY, Defendant-Appellant.
 No. 92-5161.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 
 1
 Both parties waived oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant DeWayne Arterberry, who pled guilty to being a felon in possession of a firearm, 18 U.S.C. 922(g)(1), appeals his sentence imposed pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e). The district court held that Mr. Arterberry's conviction for robbery by force, obtained after Mr. Arterberry, then a juvenile, was certified as an adult, was properly included as a prior felony under 18 U.S.C. 924(e). We affirm.
 
 
 3
 After Mr. Arterberry entered his guilty plea, the district court enhanced his sentence pursuant to the ACCA on the basis of three prior felony convictions: (1) robbery by force; (2) robbery with firearm; and (3) assault. Mr. Arterberry appealed to this court, asserting that the district court should have treated the convictions for robbery with firearm and for assault as related since they were entered on the same date. We granted the government's motion for a limited remand. (No. 92-5161, June 7, 1993).
 
 
 4
 On remand, the district court held two evidentiary hearings. At the first hearing, the court ruled that the robbery by firearm and the assault convictions were properly counted separately. At the second hearing, Mr. Arterberry challenged the robbery by force conviction on the ground that he was never advised of his right to appeal the certification order allowing him to be tried and convicted as an adult. The district court held that the certification and conviction were constitutionally obtained and the conviction was thus includable as a prior conviction under section 924(e).
 
 
 5
 On appeal, Mr. Arterberry challenges the use of the robbery by force conviction for sentencing enhancement on two grounds. First, he appeals the district court's ruling on the certification issue. Second, he argues that "robbery by force" was not a violent felony for purposes of enhancement under section 924(e).
 
 
 6
 We review de novo a district court's sentence enhancement under section 924. United States v. Barney, 955 F.2d 635, 638 (10th Cir.1992). The Supreme Court recently held that "prior convictions used for sentence enhancement purposes under 924(e) are not subject to collateral attack in the sentence proceeding." Custis v. United States, 114 S.Ct. 1732, 1736 (1994). Although the Court decided Custis after the district court rejected Mr. Arterberry's challenge to his certification and conviction, Custis is applicable to the issue on this direct appeal. See Griffith v. Kentucky, 479 U.S. 314, 322-23 (1987) (integrity of judicial review requires that new rules of constitutional criminal procedure be applied to all cases pending on direct review). Therefore, Mr. Arterberry cannot attack the constitutionality of his state certification and conviction in the section 924(e) sentencing context.
 
 
 7
 Mr. Arterberry's allegation that "robbery by force" is not a violent felony for section 924(e) purposes appears for the first time in this appeal. Mr. Arterberry relies upon United States v. Pettit, 938 F.2d 175, 177-78 (10th Cir.1991), in which we held that we had jurisdiction to address a sentencing issue on a second appeal although it was not included in defendant's first appeal. The government does not assert that we lack jurisdiction to consider Mr. Atterberry's contention but argues instead that we should decline to consider it. The defendant in Pettit had raised the sentencing issue at trial. Id. at 177. Mr. Arterberry's fatal error was not his failure to raise the issue on his first appeal; rather it was his failure to object at the district court level. Because he did not raise this objection below, we review only for "plain error". United States v. Richards, 27 F.3d 465, 468 (10th Cir.1994). "We will only find such plain error where a 'miscarriage of justice would otherwise result.' " Id. (quoting United States v. Saucedo, 950 F.2d 1508, 1511 (10th Cir.1991), cert. denied, 113 S.Ct. 1343 (1993) (citation omitted)). No such error is present here. Thus, we will not address the merits of Mr. Arterberry's second claim.
 
 
 8
 The decision of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470