105 F.3d 649
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn SHOWALTER, Defendant-Appellant.
 No. 96-4107.
 United States Court of Appeals, Fourth Circuit.
 Jan. 3, 1997.
Submitted Dec. 19, 1996.
Decided Jan. 3, 1997.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge. (CR-95-22)
 William C. Gallagher, CASSIDY, MYERS, COGAN, VOEGELIN & TENNANT, L.C., Wheeling, West Virginia, for Appellant.
 William D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 APPEAL DISMISSED.
 Before ERVIN and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Shawn Showalter appeals the 120-month sentence he received after he pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine in violation of 21 U.S.C.A. § 846 (West Supp.1996). He contends that the district court erred by not granting his request for a departure from criminal history category II because it overstated his prior criminal history and the likelihood that he would commit further crimes and because it prevented him from qualifying for the safety valve provision in 18 U.S.C.A. § 3553(f) (West Supp.1996), and U.S.S.G. § 5C1.2.* We dismiss the appeal.
 
 
 2
 At sentencing, the district court recognized its authority to depart but chose not to based on the evidence presented at the hearing. The court concluded that Showalter's criminal history category was not overstated because he committed the instant offense while on probation. The district court's discretionary decision not to depart is not appealable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 3
 To the extent Showalter claims that his sentence is appealable because the court misapplied the safety valve provision, we reject his claim. To be eligible for a sentence under the safety valve provision, a defendant must not "have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C.A. § 3553(f)(1); U.S.S.G. § 5C1.2(1). Application Note 1 to U.S.S.G. § 5C1.2 states that the phrase "as determined under the sentencing guidelines," means "as determined under U.S.S.G. § 4A1.1 (Criminal History Category)." Even if the court had departed from criminal history category II, Showalter would not have been eligible for the safety valve provision because he had three criminal history points under U.S.S.G. § 4A1.1. See United States v. Resto, 74 F.3d 22, 27-28 (2d Cir.1996).
 
 
 4
 Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1995)