F I L E D
**United States Court of Appeals
Tenth Circuit**

**AUG 19 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY LEON JACKSON,

Defendant-Appellant.

No. 97-6423
(W. Dist. Oklahoma)
(D.C. No. 97-CR-78)

## ORDER AND JUDGMENT[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

## BACKGROUND

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The court therefore honors the parties' requests and orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Bobby Leon Jackson entered a guilty plea to a one-count indictment charging Jackson with possessing a firearm following a previous felony conviction in violation of 18 U.S.C. § 922(g)(1). The United States Probation Office prepared a presentence report ("PSR") which concluded that Jackson had seven criminal history points and a resultant criminal history category of IV. *See* *U.S.S.G.* § 4A1.1 (assigning criminal history points to past convictions); *id*. Ch. 5 pt. A Sentencing Table (setting forth criminal history categories). Three of the seven criminal history points resulted from a 1995 Oklahoma conviction for driving under the influence ("DUI") after a former DUI conviction. *See* Okla. Stat. Ann. tit. 47, § 11-902 (West 1988. Jackson received the following sentence for the 1995 Oklahoma conviction: "Sentenced to a term of Three (3) Years imprisonment, satisfied by 90 Nights incarceration pursuant to 22 O.S. § 991a-2."

Jackson objected to the assessment of three criminal history points for the conviction, asserting that he should receive only two points for that conviction because all but ninety days of the sentence had been suspended. *See U.S.S.G.* § 4A1.1(a), (b) (providing for three criminal history points for each sentence of imprisonment exceeding one year and one month and two points for sentences of at least sixty days but not more than one year and one month); *id.* § 4A1.2(b)(2) ("If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended."). The district

court held a sentencing hearing, overruled Jackson's objections, utilized the criminal history category set out in the PSR, and sentenced Jackson to a term of twenty-four months. Jackson appeals, asserting that the district court erred in adopting the criminal history calculations set out in the PSR.[1] Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a), this court **reverses** and **remands** to the district court for resentencing in accordance with this opinion.

### ANALYSIS

There are no facts in dispute on appeal. Instead, the parties' contentions center around the proper meaning and application of the terms "suspended sentence" and "sentence of imprisonment" in section 4A1.2(b) of the Sentencing Guidelines to Jackson's conviction for driving under the influence. This court reviews the district court's interpretation and application of the Guidelines *de novo*. *See United States v. Pettit*, 938 F.2d 175, 178 (10th Cir. 1991).

The number of criminal history points assigned to a criminal conviction is determined by the sentence imposed and can vary from one to three points depending on the length of sentence. A sentence of imprisonment of less than

---

[1]Jackson further notes that when properly calculated, he has six criminal history points, a criminal history category of III, and a proper sentencing range of fifteen to twenty-one months. *See U.S.S.G.* § 4A1.1 & Ch. 5 pt. A Sentencing Table.

sixty days earns one criminal history point. *See U.S.S.G.* § 4A1.1(c). A sentence of imprisonment of at least sixty days up to and including one year and one month earns two criminal history points. *See id.* § 4A1.1(b). Finally, any sentence of imprisonment for more than one year and one month earns three criminal history points. *See id.* § 4A1.1(a).

"Sentence of imprisonment" is defined in Guideline section 4A1.2, which provides in pertinent part as follows:

> § 4A1.2 **Definition and Instructions for Computing Criminal History**
>
> . . . .
>
> (b) **Sentence of Imprisonment Defined**
>
> (1) The term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed.
>
> (2) If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended.

The application notes to Guideline section 4A1.2 further clarify it is the sentence imposed or "pronounced," rather than the sentence actually served, that determines the number of criminal history points assigned to the conviction. *Id.* § 4A1.2 application note 2.

With this background in mind, we note that Jackson's appeal raises a single question: Was the state court judgment and sentence ordering Jackson to

-4-

serve "Three (3) Years imprisonment, satisfied by 90 Nights incarceration pursuant to 22 O.S. § 991a-2," a sentence of imprisonment for ninety days or three years? If for ninety days, the sentence would count as two criminal history points. *See id.* § 4A1.1(b). If for three years, on the other hand, the sentence would count as three criminal history points. *See id.* § 4A1.1(a).

In overruling Jackson's objection to the PSR and concluding that the sentence in question was for a term of three years, the district court stated as follows:

> I have studied the issue, and the response of the probation officer, I think, is a good summary of, not only the position of the government, but what I think; and my conclusion, having studied the issue as a matter of law under these facts, is correct. . . .
>
> The response by the probation officer is that: "The probation officer believes that the assessment of three criminal history points for this conviction is appropriate. Criminal history points are assessed based on the sentence imposed, not on the amount of time served."
>
> Now, that is the crux of the issue and that is the legal conclusion that I have reached, as well, which answers this objection and on which my decision is based.
>
> Continuing with his response: "If a portion of the term of imprisonment is suspended, then criminal history points are assessed based on the portion that is not suspended. In this case, the three-year sentence was imposed and the Court ordered that the sentence could be satisfied by the defendant serving 90 consecutive nights in the county jail. No portion of the sentence imposed was suspended, therefore, the [total] of the criminal history points for this conviction is three as presented in this paragraph."
>
> And I think that's exactly correct as a matter of law and that is the basis for my overruling of that particular objection.

On appeal, Jackson argues that the district court's decision is flawed in two important respects. First, Jackson asserts that the district court interpreted his objection as being based on the amount of time he actually served on the relevant conviction rather than the sentence pronounced. Jackson notes for the benefit of this court that he is not arguing the conviction earns two points because he only served ninety days. Instead, he asserts that it only earns two points because the state court pronounced a sentence of three years, suspending all of it but ninety days.

The second, and more profound, error identified by Jackson is that the district court gave talismanic effect to the absence of the words "suspended sentence" from the state court judgment of conviction. Although the state court did not say it was suspending all but ninety days of the sentence, Jackson argues that is the only reading of the judgment that makes sense. This court agrees that although sometimes instructive, the presence or absence of the term "suspended sentence" in a state court judgment of conviction is not always determinative of whether a portion of that sentence has been suspended.

In the case at hand, the judgment of conviction specifically indicates that Jackson is required to serve only ninety days of the three-year sentence, and that those ninety days can be served in the county jail. The specific statutory provision giving the state court the power to impose confinement in the county

jail in lieu of custody with the department of corrections is in a subsection of the

Oklahoma code entitled "Suspension of Judgment and Sentence." [2] In particular,

section 991a of title 22 provides Oklahoma trial courts with three sentencing

options: (1) suspend the sentence in whole or in part; (2) impose a fine with or

without commitment; or (3) confine the person as provided by law. *See* Okla.

Stat. Ann. tit. 22, § 991a (West 1986). [3] That portion of section 991a dealing

with suspended sentences specifically provides as follows:

> A. When a defendant is convicted of a crime and no death sentence
> is imposed, the court [has the option to]:
>
> > 1. suspend the execution of sentence in whole or in
> > part, with or without probation. The court, in addition,
> > may order the convicted defendant at the time of
> > sentencing or at any time during the suspended sentence
> > to do one or more of the following:
> >
> > . . . .
> >
> > e. To confinement in the county jail for a
> > period not to exceed ninety (90) days.

---

[2]The state court judgment of conviction further provides that Jackson is only required to spend the night in the county jail during the ninety-day term. The state trial court imposed night incarceration pursuant to Okla. Stat. Ann. tit. 22, § 991a-2 (West 1986), a provision of law also located in the section of the Oklahoma code titled "Suspension of Judgment and Sentence."

[3]The provisions dealing with the sentencing powers of Oklahoma trial courts were substantially revised in 1997, well after Jackson was sentenced for driving under the influence. *See* Okla. Stat. Ann. tit. 22, §§ 991a to 991a-4 (West Supp. 1998).

It must be noted that the conviction at issue here is for driving under the influence after a former DUI conviction. *See* Okla. Stat. Ann. tit. 47, § 11-902 (West 1988). The relevant portions of section 11-902 of title 47 provide for a term of one to five years in the custody of the Oklahoma Department of Corrections. *See id.* § 11-902(C). The only reasonable interpretation of the judgment of conviction here is that the Oklahoma court imposed a three-year term pursuant to section 11-902 but suspended the sentence and ordered him to serve ninety days in the county jail pursuant to section 991a(A)(1)(e) of title 22 of the Oklahoma code. Section 991a(A), the specific provision of the Oklahoma code dealing with the trial court's power to suspend sentences, appears to be the only provision of the Oklahoma code giving the state court the power to impose the ninety-day jail term for the crime at issue here. [4]

In support of the district court's ruling that the state court did not intend to suspend any portion of Jackson's sentence, the United States notes that the section dealing with suspended sentences on the Uniform Plea of Guilty Form Exhibit "A" to Summary of Facts and Judgment and Sentence is crossed out.

---

[4]The United States asserts that "The state court could have simply ordered '90 nights incarceration,' if it had meant to pronounce a sentence for 90 nights rather than a sentence of three years imprisonment." Unfortunately, the United States does not identify under what authority the state court could have imposed such a sentence. This court can find no authority except section 991a of title 22, the Oklahoma provisions dealing with suspended sentences.

This fact is of minimal probative value. The section crossed out on Exhibit A appears to relate solely to individuals sentenced to the supervision of the Oklahoma Department of Corrections. In the instant case, the state court never sentenced Jackson to the custody of the Department of Corrections. Instead, the state court judgment provides that Jackson's sentence could be fully satisfied by confinement in the county jail. More importantly, as noted above, the United States has not identified under what authority, except Oklahoma's suspended sentence statute, the state court could have ordered Jackson to serve ninety-days in the county jail for driving under the influence after a prior DUI conviction. Accordingly, the crossed out section on Exhibit A does not alter this court's conclusion that the state trial court suspended all of Jackson's sentence except for ninety days. [5]

## CONCLUSION

In light of section 991a of title 22 of the Oklahoma code, we conclude that the district court erred in holding that Jackson had been sentenced to a three year

---

[5]As an alternative argument, Jackson argues that if there is doubt as to whether the state court suspended part of his sentence, the rule of lenity should determine the issue in his favor. *See United States v. Tabaka*, 982 F.2d 100, 103 (3d Cir. 1992) (applying rule of lenity where it was unclear whether portion of state sentence of imprisonment had been suspended). In light of this court's conclusion that the state court did indeed suspend all of Jackson's sentence except ninety days, we need not address the applicability of the rule of lenity here.

term of imprisonment, rather than a three year term of imprisonment with all but ninety days of the term suspended.  Accordingly, the district court's assessment of three criminal history points for the conviction was also in error.  This court therefore **REVERSES** the district court and **REMANDS** the case for resentencing in accordance with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge