**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alan Joseph ROCKFORD,**
**Defendant–Appellant.**

**No. 01–6114.**

United States Court of Appeals,
Tenth Circuit.

Aug. 13, 2001.

Before EBEL, KELLY and LUCERO, Circuit Judges.

ORDER AND JUDGMENT *

EBEL, Circuit Judge.

Alan Rockford pleaded guilty to various crimes and was sentenced to 240 months' imprisonment. We upheld his sentence on direct appeal in *United States v. Rockford*, No. 92–6265, 1993 WL 96897 (10th Cir. Mar. 31, 1993). In 2000, Rockford filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[1] The district court denied the mo-

---

1. The § 2255 motion does not appear to be included in our record. We have relied on the characterization of the motion in the district court opinion and in Rockford's appellate briefs. If Rockford believed the original

tion, holding that it was either barred by the one-year statute of limitations in § 2255 or it was meritless, as Rockford's sentence fell within the applicable statutory maximum.

Without a certificate of appealability, we lack jurisdiction over this appeal. *See* 28 U.S.C. § 2253(c). For substantially the reasons stated by the district court, we hold that Rockford has not made a substantial showing of the denial of a constitutional right. We therefore DENY a certificate of appealability and DISMISS this appeal. We also DENY Rockford's motion for leave to proceed on appeal without prepayment of costs or fees.

motion was necessary to our resolution, it was his obligation to provide it to us.

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.