**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus CONTRERAS, Defendant–**
**Appellant.**

No. 94–6238.

United States Court of Appeals,
Tenth Circuit.

July 6, 1995.

Thomas D. McCormick, Oklahoma City, OK, for defendant-appellant.

Rozia McKinney–Foster, U.S. Atty., and Frank Michael Ringer, Asst. U.S. Atty., Oklahoma City, OK, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, MOORE, Circuit Judge, and BROWN,** District Judge.

WESLEY E. BROWN, District Judge.

Defendant Jesus Contreras pled guilty to one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a term of imprisonment of 151 months and four years of supervised release. He now argues that the district judge committed three errors in determining his guideline range under the United States Sentencing Guidelines. We conclude that the district court correctly applied the guidelines and we affirm.

Defendant's first argument is that the court erred by increasing his offense level under USSG § 2D1.1(b)(1). That section, which applies to offenses under 21 U.S.C. § 841(a)(1), requires a two-level increase "[i]f a dangerous weapon (including a firearm) was possessed." Undisputed portions of the Presentence Report asserted that the defendant participated with several other individuals in shipping large quantities of marijuana. The report alleged that the defendant permitted his house to be used as a "stash house" for marijuana on numerous occasions. The government put on evidence at the sen-

** The Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

tencing hearing that agents searching the defendant's residence found a loaded .22-caliber rifle under a couch in a living room of the house. The agents also found approximately 238 pounds of marijuana in an attached garage approximately twenty-five feet from where the gun was found. Additionally, marijuana residue was found in a closet inside the house. At the time of the search, the defendant told an agent that the weapon was for "personal home protection."

After hearing the evidence, the district court concluded that it was highly probable that the possession of the weapon was connected to the drug offense. The court cited several factors in support of this conclusion, including the relatively close proximity between the gun and a valuable stash of marijuana, the unusual and potentially dangerous location of the gun, and the fact that the weapon was immediately accessible and was loaded with a round in the chamber. Defendant argues that the adjustment should not apply because he possessed the rifle only for personal protection.

The enhancement for weapons possession reflects the increased danger of violence when drug traffickers possess weapons. USSG § 2D1.1, commentary (n. 3). The adjustment should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense. *Id.* The government has the burden to prove by a preponderance of the evidence that a weapon was possessed in physical proximity to the offense. *United States v. Gomez–Arrellano,* 5 F.3d 464, 466 (10th Cir. 1993). Once that burden is met, the burden is on the defendant to show that the increase should not apply because it is "clearly improbable" that the gun was connected to the offense. *Id.*

In light of the evidence, we cannot say that the district court's conclusion was clearly erroneous. *Cf. United States v. Roberts,* 980 F.2d 645, 648 (10th Cir.1992) (trial judge's finding that a weapon was connected to a drug offense is reviewed under a "clearly erroneous" standard). The factors cited by the district judge, including the unusual location of the loaded gun and its close proximity to the marijuana, rationally support a conclu-

sion that the defendant's possession of the gun was in fact related to the drug offense. *See id.* at 647 (the mere possession of a firearm in physical proximity to the offense is sufficient to permit application of the increase.)

Defendant's next argument is that his criminal history was over-represented by two prior DWI convictions and that the trial court should have granted a downward departure. This argument is unavailing. So long as a district court understands its authority to depart from the guidelines, this court has no jurisdiction to review a district court's discretionary refusal to grant a departure. *United States v. Williamson,* 53 F.3d 1500 (10th Cir.1995); 18 U.S.C. § 3742(a). Defendant does not argue that the district court misunderstood its authority to depart and we see no evidence of such a fact in the record. Accordingly, we have no jurisdiction to review the district court's denial of a departure.

Defendant's final argument is that the district court erred by refusing to grant an adjustment under USSG § 3E1.1 for acceptance of responsibility. Although the district court recognized that the defendant had admitted the elements of the offense of conviction, the court declined to grant a reduction under § 3E1.1 because he found that the defendant had understated his culpability for other relevant conduct. Specifically, the court found that the defendant admitted participating in a significantly lesser number of episodes of transporting marijuana than the government had proven. In asserting that he is entitled to the reduction, defendant does not specifically challenge the district court's factual finding. Rather, he argues that admitting the offense of conviction is all that is required to obtain the reduction. *Citing United States v. Moored,* 997 F.2d 139 (6th Cir.1993).

We conclude that the district court committed no error in denying the adjustment. It is true that a defendant is not required to affirmatively admit relevant conduct beyond the offense of conviction to obtain a reduction under § 3E1.1(a). *Id.,* comment. (n. 1(a)) (Nov. 1992). Thus, a defen-

dant may remain silent with respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. *Id.* "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.*[1]

In this case, rather than remaining silent with respect to the instances of transporting marijuana, the defendant significantly understated his culpable conduct with respect to those trips. In light of this, the district court could properly conclude that the defendant was falsely denying his involvement in this relevant conduct and was not clearly demonstrating acceptance of responsibility for his offense. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." § 3E1.1, comment. (n. 5). The district court's determination in this case had a basis in the record and was not clearly erroneous. *See United States v. Robertson,* 45 F.3d 1423, 1449 (10th Cir.1995) (A denial of a reduction for acceptance of responsibility is reviewed under the clearly erroneous standard.)

*Conclusion.*

The judgment of the district court is AFFIRMED.

---

**1.** *United States v. Moored, supra,* relied upon by defendant for the proposition that relevant conduct should not be considered under § 3E1.1, appears to have been based on a previous version of the guidelines that did not contain Application Note 1(a)'s directive that a defendant who falsely denies or frivolously contests relevant conduct is not entitled to the reduction. *See Moored,* 997 F.2d at 145 (examining application notes and concluding that the inquiry under § 3E1.1 is limited to the offense of conviction). This language was inserted in Note 1(a) by way of amendment dated November 1, 1992, which was after the date of the offense in *Moored. See* USSG App. C, Amendment 459; *Moored,* 997 F.2d at 140.