**Filed 8/9/96**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DANIEL ADAM WARD,

      Defendant-Appellant.

No. 95-6050
(D.C. No. CR-94-136-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Daniel Ward was convicted by a jury on multiple drug trafficking counts and was sentenced to 292 months in prison. He appeals his sentence contending: 1) that the court incorrectly enhanced his sentence for possession of a firearm; 2) that the court incorrectly based his sentence on D-methamphetamine rather than L-methamphetamine; and 3) that the court used an incorrect drug quantity when it calculated his base offense level at sentencing. For the reasons that follow, we affirm.

## I. Sentence Enhancement for Possession of a Firearm

Mr. Ward first argues that the district court improperly enhanced his sentence pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Under § 2D1.1(b)(1), the government bears the initial burden of establishing the temporal and spatial proximity of the firearm to the defendant and the drug-trafficking activity. United States v. Roederer, 11 F.3d 973, 982 (10th Cir. 1993). This may be done by presenting evidence that the firearm was in the same general location "'where drugs or drug paraphernalia are stored or where part of the transaction occurred.'" Id. (citation omitted). Once the government meets this burden, the burden shifts to the defendant to show that it is "clearly improbable" that the firearm was related to the drug transaction. United States v. Contreras, 59 F.3d 1038, 1040 (10th Cir. 1995).

2

Mr. Ward attacks both the physical and temporal proximity of the firearms found in his home to drug activity. On the day Mr. Ward's house was searched, the following items were found: digital scales, pagers, packaging materials, a .22 caliber Llama semi-automatic pistol and a .22 caliber Iver Johnson semi-automatic pistol. The drug paraphernalia contained methamphetamine residue. Furthermore, the evidence at trial indicated that Mr. Ward had engaged in drug trafficking activity from his home by telephone approximately two weeks before his residence was searched. Testimony also established that at least three months before the search, drugs were weighed and paid for in Mr. Ward's home. We believe this evidence is sufficient to link the firearm possession both temporally and spatially with drug-trafficking activity.

Mr. Ward attacks this conclusion by arguing that § 2D1.1(b)(1) only applies to possession of drugs, not possession of drug paraphernalia. This argument is erroneous. Possession of drug paraphernalia is a sufficient indicator of drug activity for purposes of § 2D1.1(b)(1). See Roederer, 11 F.3d at 982. Mr. Ward next argues that physical proximity was not proven because the firearms were found in a bedroom and the drug paraphernalia was found in a shed outside the house. He ignores, however, the fact that testimony established that drug transactions occurred in the house and that other drug paraphernalia was found inside the house. Our cases clearly indicate that this evidence is sufficient to

3

establish physical proximity.  See, e.g., Contreras, 59 F.3d at 1039-40 (rifle found under couch; drugs found in garage); United States v. Chatman, 994 F.2d 1510, 1517 (10th Cir.) (gun found in bedroom; drug transactions occurred in apartment), cert. denied, 114 S. Ct. 230 (1993); United States v. Roberts, 980 F.2d 645, 647 (10th Cir. 1992) (guns found in kitchen and bedroom; drug paraphernalia and drugs found in residence).  Mr. Ward fails to present sufficient evidence that a relationship between the firearms and the drug trafficking activity was clearly improbable.

Finally, Mr. Ward argues that the district court may have enhanced his sentence based not on the guns found in his home, but rather on the possession of guns by other members of the conspiracy.  Contrary to that argument, however, the district court clearly based its holding on the guns and drug paraphernalia found in Mr. Ward's house and shed, and his involvement in drug transactions at his residence.  Ward Supp. R., Vol. I at 33.

II.  Sentencing on the Basis of D-Methamphetamine

Mr. Ward next argues that his sentence was incorrectly based on D-methamphetamine rather than L-methamphetamine.  Because no objection was made at sentencing, review is for plain error.  As counsel recognizes, this issue is foreclosed by our holding in United States v. Deninno, 29 F.3d 572, 580 (10th

4

Cir. 1994), cert. denied, 115 S. Ct. 1117 (1995), which rejected the same argument Mr. Ward raises here. Counsel simply raises the issue in order to preserve the right to petition the Supreme Court for certiorari.

III. Determination of Drug Quantity and Base Offense Level at Sentencing

Finally, Mr. Ward challenges the district court's determination of his base offense level at sentencing. The court concluded that the drug trafficking conspiracy involved 14.28 kilograms of methamphetamine, resulting in a base offense level of 36. Mr. Ward argues that the court's determination of the drug quantity involved is incorrect because the court relied on uncorroborated or unreliable evidence when it concluded that certain drug transactions actually took place. At sentencing, the government bears the burden of proving drug quantity by a preponderance of the evidence. Chatman, 994 F.2d at 1516. We review the district court's factual findings for clear error. Id.

Trial testimony indicated Mr. Ward's and the co-conspirators' involvement in the various transactions which the district court relied on when determining his base offense level. None of this testimony was so seriously discredited at trial that the district court could not have reasonably used it for sentencing. Even if discrepancies in the testimony existed, we still give deference to the "district court's opportunity to judge the credibility of witnesses on whose testimony it

relied." Id. at 1517. After reviewing the record, we cannot say that the district court's factual findings were clearly erroneous.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

6