**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SOUPHAPHONE LANG and
DOUANGMALA LANG,

Defendants-Appellants.

Nos.  96-3303 & 96-3304
(D.C. Nos. 94-CR-10121-1
& 94-CR-10121-2)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  These cases are therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants Souphaphone and Douangmala Lang appeal the district court's judgment following this court's remand for resentencing on separate drug trafficking convictions. On appeal,[1] they raise a single issue, a challenge to the district court's application of a two level enhancement to their sentences pursuant to USSG § 2D1.1(b)(1) for possession of a firearm. Our jurisdiction over these appeals arises from 28 U.S.C. § 1291. We review de novo the district court's legal interpretation of the Sentencing Guidelines, and review for clear error that court's factual determinations at sentencing. See United States v. Johnson, 42 F.3d 1312, 1320 (10th Cir. 1994). The underlying facts supporting defendants' convictions are set out in United States v. Lang, 81 F.3d 955 (10th Cir. 1996).

The sentencing enhancement set out in § 2D1.1(b)(1) "reflects the increased danger of violence when drug traffickers possess weapons." United States v. Contreras, 59 F.3d 1038, 1040 (10th Cir. 1995). Applicability of the enhancement can be established "if the government proves by a preponderance of the evidence that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." United States v. Roederer, 11 F.3d 973, 982 (10th Cir. 1993) (quotation omitted). Once the government meets its burden, the defendant has the burden to demonstrate "that the increase should not

---

[1]     These cases were filed separately. They are joined for purposes of disposition only.

apply because it is 'clearly improbable' that the gun was connected to the offense." Contreras, 59 F.3d at 1040.

Defendants here neither testified nor presented evidence at their hearing on resentencing. They contend that the government did not meet its burden at resentencing because 1) their arrest and the seizure of the drugs did not occur in the trailer where the weapon was located, 2) although a small amount of drugs was seized from the trailer, no other evidence of drug trafficking, such as books, scales, or paraphernalia, was found in the trailer, 3) no drug buys had been observed occurring at the trailer, 4) there was no testimony that either of them had touched the weapon, and 5) the weapon was purchased for personal protection only. Douangmala Lang asserts that he did not live at the trailer, had been there but a short time before the arrest, and was not aware of the location of the weapon. Souphaphone Lang asserts that the gun did not belong to him, but to his brother, Douangmala. Defendants also take issue with the district court's comments that the weapon was not a hunting weapon. See Application Note 3 to USSG § 2D1.1(b)(1) ("The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet."). They

contend that the district court relied on its own "testimony," in violation of their Sixth Amendment rights to confront witnesses.

None of these arguments is persuasive under the facts of this case. We agree with the district court that the government met its burden at resentencing to demonstrate temporal and spatial proximity of the weapon, the illegal activity and the defendants. The drugs were taken from the trailer where the weapon was located; drugs were also found at the trailer; the weapon was loaded and found under the couch in the living room of the trailer. The government was not required to prove that drug buys occurred at the trailer, see Contreras, 59 F.3d at 1039 (drugs merely stored at defendant's home); Roederer, 11 F.3d at 983 (evidence must show only that weapon was found where drugs were stored or where part of transaction occurred). The Langs both knew the gun was present at the trailer, and either owned or controlled it, see United States v. Payne, 81 F.3d 759, 762 (8th Cir. 1996) (constructive possession, i.e. ownership, dominion or control, is sufficient to support enhancement under § 2D1.1(b)(1)). Under these facts, the district court's conclusion was not clearly erroneous, see Contreras, 59 F.3d at 1040.

Finally, the district court did not rely on its own "testimony" about the nature of the weapon to support its conclusion. The government met its burden on resentencing; defendants failed to demonstrate that it was "clearly improbable"

that the weapon was connected to the offense. The district court's comments about the applicability of the exception noted in Application Note 3 to USSG § 2D1.1(b)(1) did not violate defendants' Sixth Amendment rights.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Monroe G. McKay
Senior Circuit Judge