**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WILLIAM MARSHON GRIFFIN,

    Defendant-Appellant.

No. 98-6084

(D.C. No. CR-97-186-1-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

    Defendant William Marshon Griffin pled guilty to a one-count information

charging him with possession of 14.7 grams of cocaine base in violation of 21 U.S.C.

§ 844(a). At sentencing, the district court enhanced Defendant's base offense level by

two levels pursuant to U.S.S.G. § 2D1.1(b)(1) (1997), because a firearm identified as a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore submitted without oral argument.

loaded 9-mm Jennings handgun was present in the vehicle in which Defendant was a passenger immediately prior to his arrest. The district court subsequently sentenced Defendant to 65 months imprisonment based upon a guideline range of 63 to 78 months. Without the two-level enhancement, Defendant's guideline range would have been 51 to 63 months. On appeal, Defendant claims that the district court erred by enhancing his base offense level under § 2D1.1(b)(1). Our jurisdiction arises under 18 U.S.C. § 3742. We review the district court's legal interpretation of the Sentencing Guidelines de novo, but review its factual determinations at sentencing only for clear error. United States v. Johnson, 42 F.3d 1312, 1320 (10th Cir. 1994).

I.

U.S.S.G. § 2D1.1(b)(1) provides for a two-level enhancement for possession of a firearm during the commission of a drug offense. The commentary states that "[t]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Id. comment. (n.3). Thus, the guidelines instruct the district court to apply the enhancement "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id.

The government bears the initial burden of proving by a preponderance of the evidence that the gun "was proximate to the drug offense." United States v. Lang, 81 F.3d 955, 964 (10th Cir. 1996). The government must present evidence showing that "a temporal and spatial relation existed between the weapon, the drug trafficking activity,

2

and the defendant." United States v. Roederer, 11 F.3d 973, 982 (10th Cir. 1993). Once

the government meets its burden, defendant then has the burden of showing that "it is

clearly improbable that the gun was connected to the offense." United States v.

Contreras, 59 F.3d 1038, 1040 (10th Cir. 1995).

II.

In this case, law enforcement officers observed two suspected drug dealers meet

with Defendant, another male, and a female in the parking lot of a convenience store in

Oklahoma City. As the female drove Defendant and the other male from the scene, the

officers stopped the vehicle. During a search of Defendant, the officers found two plastic

bags containing cocaine base. The officers also located a 9-mm Jennings handgun with

one chamber round underneath the driver's seat. The firearm belonged to the other male

who was seated behind the driver in the rear passenger seat. At his sentencing hearing,

Defendant informed the court that he did not know the firearm was in the vehicle at the

time of the incident.

Defendant's argument that § 2D1.1(b)(1) does not apply because he neither owned

the firearm nor knew of its presence in the vehicle is foreclosed by our precedent. In

United States v. Smith, 131 F.3d 1392 (10th Cir. 1997), cert. denied, 118 S. Ct. 1109

(1998), we rejected defendant's argument that § 2D1.1(b)(1) should not apply because the

firearms, which were found in a residence defendant shared with others, were not his and

were not found in his bedroom. We stated: "Personal possession of a firearm, however,

3

is not necessary. The sentencing court may attribute to a defendant firearms possessed by his codefendants if the possession of the firearms was known to the defendant or reasonably foreseeable by him." Id. at 1400 (emphasis added); see also U.S.S.G. § 1B1.3(a)(1)(B) (1997) (in joint criminal activity, court shall consider "all reasonably foreseeable acts . . . of others" in determining specific offense characteristics). Here, the fact that Defendant engaged in a drug transaction where the presence of a firearm could reasonably be expected, and his proximity to the firearm found in the vehicle, is enough to establish the appropriateness of the enhancement. See Smith, 131 F.3d at 1400. Defendant presented no evidence to suggest the clear improbability of a connection between the firearm and the drugs. Accordingly, we cannot say that the district court erred in applying § 2D1.1(b)(1)'s two-level enhancement to Defendant's base offense level.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

4