**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATE OF AMERICA,

Plaintiff-Appellee,

v.

TOMAS GUZMAN-OTERO,

Defendant-Appellant.

No. 00-1197
(D.C. No. 99-CR-87-D)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL, KELLY,** and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

In this direct appeal, defendant-appellant Tomas Guzman-Otero challenges

his 121-month sentence following conviction of conspiracy to possess with intent

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Specifically, defendant asserts that the district court erred in (1) finding him ineligible for a downward departure for minimal participation as provided in U.S.S.G. § 3(b)1.2; (2) finding him ineligible for the safety value relief afforded under 18 U.S.C. § 3553(f);[2] and (3) finding his criminal history category to be two as a result of being on probation for a number of traffic violations at the time of the drug offense. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm.

## I. Background

On March 1, 1999, defendant, along with two codefendants, was arrested in the King Soopers grocery store parking lot near Hampden Avenue and Monaco Parkway in Denver, after selling approximately two pounds of methamphetamine to a confidential source. A subsequent search of the truck in which the defendants were traveling revealed a loaded Ruger 9mm pistol in the rear passenger seat. Defendant, who was sitting in the rear passenger seat of the truck, had in his possession an ammunition magazine for the pistol. It was later determined that the weapon belonged to one of the codefendants.

---

[2] U.S.S.G. § 5C1.2 adopts verbatim 18 U.S.C. § 3553(f)(1)-(5).

Defendant entered into a plea agreement whereby he entered a plea of guilty to one count of conspiracy to possess and distribute methamphetamine, and in return, the government agreed to dismiss the three remaining counts of the indictment. He was sentenced to the statutory minimum of 121 months' imprisonment, five years' supervised release, and a $100 special assessment. Because defendant stipulated to possession of a firearm during the course of the drug offense, the sentencing court enhanced his sentence pursuant to U.S.S.G. § 2D1.1(b)(1) and rejected his request for sentencing under the "safety valve" provision of the Sentencing Reform Act, 18 U.S.C. § 3553(f). Because we find no error in either of these sentencing decisions, we have no need to reach defendant's remaining claims of error.

## II. Discussion

"The Sentencing Guidelines provide for an offense level enhancement of two points '[i]f a dangerous weapon (including a firearm) was possessed' during a drug conspiracy." *United States v. Vaziri*, 164 F.3d 556, 568 (10th Cir. 1999) (*quoting* U.S.S.G. § 2D1.1(b)(1)). "'The [enhancement for weapon possession] should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.'" *Id.* (*quoting* U.S.S.G. § 2D1.1., comment., (n.3)).

To establish possession of a firearm for the purpose of enhancing a drug sentence, the government bears the burden of proving by a preponderance of the evidence that the gun was physically proximate to the drug offense. *United States v. Contreras*, 59 F.3d 1038, 1040 (10th Cir. 1995). This burden is met if the government presents evidence "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Roederer*, 11 F.3d 973, 982 (10th Cir. 1993) (further quotations omitted). This nexus may be established by showing that the weapon was located nearby the general location "where drugs or drug paraphernalia are stored or where part of the transaction occurred." *Id*. at 983 (citation omitted). Once the government establishes that the gun was possessed in proximity to the drug transaction, the burden shifts to the defendant to "show it is clearly improbable that the weapon was related to the offense." *United States v. Robertson*, 45 F.3d 1423, 1449 (10th Cir. 1995) (further quotation omitted).

"We review factual findings under USSG § 2D1.1(b)(1) for clear error; we give due deference to the application of the Guidelines to the facts; [and] we review purely legal questions de novo." *Vaziri*, 164 F.3d at 568. On appeal, defendant, in a convoluted manner, argues that, although the sentencing guideline computation section of the plea agreement indicates a two-level enhancement for possession of the gun, there was never any proof that defendant actually

possessed the gun, and therefore, the district court's two-level enhancement under U.S.S.G. § 2D1.1(b)(1) was error.[3] It was undisputed that the weapon was discovered in the rear passenger seat of the truck where defendant was sitting at the time of the drug trafficking transaction. At the time of his arrest, defendant was in possession of a magazine of ammunition for the gun. *See United States v. Roberts*, 980 F.2d 645, 647 (10th Cir. 1992) (inferring connection between weapons and drug possession where guns and ammunition were "close at hand" to large amount of marijuana).

As this court has previously noted, enhancement under § 2D1.1(b)(1) is designed to reflect the increased danger of violence when drug traffickers add firearms to the mix. *See Contreras*, 59 F.3d at 1040. The government satisfied its burden by showing "mere proximity" of the weapon to the offense. *Roberts*, 980 F.2d at 647. Although defendant averred and the government admitted that the weapon did not belong to defendant, this does not establish that the weapon was not connected to the conspiracy. *Vaziri*, 164 F.3d at 568. Consequently, defendant failed to meet his burden of proof under *Robertson* by establishing that it was clearly improbable that the pistol in the rear passenger seat of the truck had

---

[3] Defendant's brief is woefully lacking in authority and adequate proof reading. We expect counseled briefs to be readable, grammatically correct, and well-reasoned. We also remind counsel of his duty to support his arguments with authority. *See* Fed. R. App. P. 28(a)(9)(A).

any relation to his possession of the large quantity of methamphetamine.[4]  We therefore conclude that the district court did not err in enhancing defendant's offense level under § 2D1.1(b)(1).

"Section 3553(f) was enacted as a 'safety valve' to permit courts to sentence less culpable defendants to sentences under the guidelines, instead of imposing mandatory minimum sentences."  *United States v. Acosta-Olivas*, 71 F.3d 375, 378 (10th Cir. 1995).  This provision allows the sentencing court to depart from the statutory minimum sentence if it finds that the defendant meets certain criteria including that "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapons (or induce another participant to do so) in connection with the offense."  U.S.S.G. § 5C1.2(2).

We review the district court's interpretation of § 3553 and U.S.S.G. § 5C1.2 de novo.  *See United States v. Gigley*, 213 F.3d 503, 505 (10th Cir. 2000).  Because of our conclusion that the district court did not err in determining

_____

[4]      The few cases cited by counsel in defendant's brief in support of this argument  appear to support an argument that the district court's enhancement for possessing a weapon in connection with the drug offense was in error based on the Supreme Court's ruling in *Bailey v. United States*, 516 U.S. 137 (1995).  This argument is utterly without merit.  *Bailey* modified only the interpretation and application of the term "use" as applied to firearms.  *See United States v. Hallum*, 103 F.3d 87, 89 (10th Cir. 1996).  Because defendant's sentence was enhanced for possessing a dangerous weapon in connection with a drug trafficking crime, his *Bailey* argument fails.

that defendant possessed a weapon in connection with a drug trafficking offense, we also conclude that the district court did not err in finding defendant ineligible for application of the safety value provision.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge