**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mary Jayne ROBERTS, Defendant–
Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark Douglas PETTY, Defendant–
Appellant.**

Nos. 92–5006, 92–5013.

United States Court of Appeals,
Tenth Circuit.

Nov. 25, 1992.

---

David O'Meilia, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty. and Susan W. Pennington, Asst. U.S. Atty., Tulsa, Okl., with him on the brief), for plaintiff-appellee.

Stephen J. Greubel, Asst. Public Defender, Tulsa, Okl., for defendant-appellant, Roberts.

John E. Dowdell, Norman & Wohlgemuth, Tulsa, Okl., for defendant-appellant, Petty.

Before McKAY, Chief Judge, LAY, Senior Circuit Judge,[1] and BALDOCK, Circuit Judge.

LAY, Senior Circuit Judge.

Mark Douglas Petty and Mary Jayne Roberts appeal from their sentences under 21 U.S.C. § 841(a)(1) for possession of marijuana with intent to distribute. They complain that the district court erroneously awarded them two-level enhancements under United States Sentencing Guidelines § 2D1.1(b)(1) for possession of a firearm during the commission of a drug offense.

1. Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Petty and Roberts pleaded guilty to narcotics violations following a search, pursuant to a warrant, of the home that they share. During the search, agents seized 1.43 pounds of marijuana as well as paraphernalia for the use and distribution of drugs. In addition, the officers seized a Colt .25 caliber semi-automatic handgun from the defendants' kitchen, a Llama .357 caliber revolver from the master bedroom, and ammunition for the .357 revolver found near the kitchen. Neither of the weapons was loaded.

At sentencing, the defendants objected to the two-level enhancement under section 2D1.1(b)(1). Section 2D1.1(b)(1) states: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." The Commentary provides further guidance:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

U.S.S.G. § 2D1.1(b)(1), comment. (n. 3).

■ The defendants argue that because the government presented no evidence linking the weapons to their offenses, the trial court should have been precluded from awarding a two-level enhancement under section 2D1.1(b)(1). In effect, Roberts and Petty argue that the trial court improperly shifted the burden to the defendants to prove the clear improbability that the weapons were connected with the offense. We review a district court's legal interpretation of the Guidelines *de novo*, *United States v. Agbai*, 930 F.2d 1447, 1448 (10th Cir.1991), and we use the clearly erroneous standard to review a trial court's factual determinations at sentencing, *United States v. Easterling*, 921 F.2d 1073, 1077

(10th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991).

We have not previously faced this issue squarely.[2] The majority of circuits that have addressed this issue have interpreted the language of section 2D1.1(b)(1) and its commentary to place the initial burden on the government to prove by a preponderance of the evidence that the weapon was present in physical proximity to the offense. Once this burden is met, these cases require the defendant to come forward with rebuttal evidence satisfying the "clearly improbable" restriction. *See United States v. Corcimiglia*, 967 F.2d 724, 727–28 (1st Cir.1992); *United States v. Garner*, 940 F.2d 172, 175–76 (6th Cir. 1991); *United States v. Durrive*, 902 F.2d 1221, 1230–31 (7th Cir.1990); *United States v. Restrepo*, 884 F.2d 1294, 1295–96 (9th Cir.1989). *But see United States v. Khang*, 904 F.2d 1219, 1223 n. 7 (8th Cir. 1990) ("clearly improbable" does not alter the burden of proof but relates to the required standard of proof).

■ We agree that the plain language of section 2D1.1(b)(1) and its commentary permit a trial judge to enhance a drug defendant's sentence for mere possession of a dangerous weapon even if there is no evidence other than proximity to suggest the gun was connected to the offense. The government bears the burden of proving possession by a preponderance of the evidence. *United States v. Saucedo*, 950 F.2d 1508, 1518 (10th Cir.1991). Once the government has met that burden, the commentary creates an exception to the blanket rule that mere proximity is sufficient. It states that the enhancement is inappropriate if the evidence suggests that it is "clearly improbable" that the gun was connected to the offense. The commentary does not ask the government to show that the gun is probably connected to the offense; instead, the defendant must show that the exception applies to him.

■ In this case, the two defendants, by their own admissions, presented no evi-

**2.** In *United States v. Morehead,* 959 F.2d 1489, 1512–13 (10th Cir.1992), we determined that by itself the proximity of the weapons to the cultivation of marijuana satisfied the requirements of § 2D1.1(b)(1). We did not discuss whether the prosecution or the defense carried the burden of proving clear improbability.

dence to suggest the clear improbability of a connection between the dangerous weapons and the offense. Here, federal agents found two handguns, one which was semi-automatic, in the house where Petty and Roberts possessed a large amount of marijuana. Ammunition was close at hand. The most likely inference from the proximity of the drugs and weapons is that there was a connection between the two. Based on this evidence, we cannot say that the trial judge was clearly erroneous in determining that the exception did not apply.[3]

■ Petty also urges this Court to reverse the trial court's refusal to implement a downward departure under U.S.S.G. § 4A1.3. Section 4A1.3 allows the trial judge to depart downward if a defendant's criminal history score over-represents the seriousness of his criminal history. However, it is well established in this circuit that, as is the case here, "discretionary refusals are not appealable when the sentence is within the guideline range." *United States v. Florentino,* 922 F.2d 1443, 1448 (10th Cir.1990).

For the above reasons, we affirm the trial court.

---

**3.** Roberts also urges us to overturn the burden shifting aspects of § 2D1.1(b)(1) as a violation of the Due Process Clause of the Fifth Amendment. However, she presents no argument nor cites any cases supporting this position. We note that at least two circuits have rejected constitutional challenges to § 2D1.1(b)(1). *See United States v. Restrepo,* 884 F.2d 1294, 1296 (9th Cir.1989); *United States v. McGhee,* 882 F.2d 1095, 1097–99 (6th Cir.1989). In *McGhee,*

the Sixth Circuit determined the rule of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), is inapplicable to sentencing determinations under § 2D1.1(b)(1) because *Mullaney* addressed burden shifting of a substantive element of the offense. In *Restrepo*, the Ninth Circuit determined that § 2D1.1(b)(1) does not create an impermissible presumption. Based on the record before us today, we see no reason to disagree with the *McGhee* and *Restrepo* decisions.