13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George Richard SABELL, a/k/a "Chinso," Defendant-Appellant.
 No. 92-8061.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1993.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Sabell entered a plea of guilty to the charge of conspiring to distribute cocaine and marijuana in violation of 21 U.S.C. 846 and was sentenced, inter alia, to imprisonment for 63 months.[2] Mr. Sabell's base offense level was increased two levels as a result of a weapon being present at the time of the offense. Mr. Sabell asserts this was error. We disagree with Mr. Sabell and affirm.
 
 
 3
 There exists no factual dispute as both Mr. Sabell and his counsel admitted all salient facts at sentencing. Mr. Sabell was involved in a drug distribution network. Mr. Sabell's part therein was delivering drugs to and receiving payment from the distributor, who was both a codefendant and a coconspirator. The distributor, who had a federal firearms license, kept numerous licensed and unlicensed fully automatic weapons, some loaded and some not. These weapons were located throughout the distributor's home. Mr. Sabell delivered the drugs to the home of the distributor and there received payment for the drugs delivered. The distributor also had two large safes in his home which contained various weapons, cash to pay for the drugs, and an inventory of illegal drugs. As a result of his drug business in the distributor's home, Mr. Sabell was fully aware of the existence of these firearms. When Mr. Sabell would deliver a kilo or two of cocaine to the distributor, Mr. Sabell would be paid in cash from the safe containing some of the firearms as most of the distributor's drug transactions were conducted around the safes. Mr. Sabell saw the money, guns and cocaine in the safes during the illegal drug transactions.
 
 
 4
 Mr. Sabell asserts the distributor, who held a federal firearms license, had the legal right to possess weapons in the legitimate business of dealing firearms and Mr. Sabell was entitled to rely upon this by assuming the weapons were used in the legitimate business and not the illegitimate business.
 
 
 5
 An increase in the base offense level may be based on the conduct of others provided that conduct was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant. U.S.S.G. 1B1.3(a)(1), comment. (n.1) (1991). A sentencing court may infer a defendant should have foreseen a codefendant's possession of a dangerous weapon when the government demonstrates that another participant knowingly possessed the weapon while they committed the offense. United States v. McFarlane, 933 F.2d 898, 899 (10th Cir.1991).
 
 
 6
 U.S.S.G. 2D1.1(b)(1) directs a two-point increase in the base offense level "[i]f a dangerous weapon (including a firearm) was possessed" during the commission of the offense. Note 3 of the Commentary clarifies by directing the upward adjustment "if the weapon was present, unless it was clearly improbable that the weapon was connected with the offense."
 
 
 7
 Once the government meets its initial burden of proving possession by a preponderance of the evidence, the defendant must come forward with rebuttal evidence showing the "clearly improbable" exception applies. United States v. Roberts, 980 F.2d 645, 647 (10th Cir.1992). The evidence before the sentencing court demonstrated Mr. Sabell (1) knowingly participated in illegal drug transactions, (2) at a time and place when he knew that various weapons were available in the safe where the drugs he delivered were placed and from where the money received in payment for the illegal drugs was obtained, and (3) could see the weapons, drugs and money all together under the control of his coconspirator and codefendant distributor. On this evidence, we cannot conclude the district court erred in finding the government met its initial burden. We next look for Mr. Sabell's evidence of exceptional circumstances.
 
 
 8
 Mr. Sabell argues he had no reason to suspect any of the weapons were connected with the offense as the distributor possessed a federal firearms license. This argument is not persuasive as it assumes a codefendant may legally possess a firearm during the commission of a drug offense. Possession of a dangerous weapon is seldom a criminal act unless the possessor is a convicted felon. The focus of the sentencing inquiry is not whether a weapon was possessed legally or illegally, but whether a weapon was present during the commission of the offense and if so, whether it was clearly improbable that the weapon was connected with the offense. See U.S.S.G. 2D1.1, comment. (n.3).
 
 
 9
 We then inquire as to whether it is clearly improbable that the weapon was connected with the offense. Mere proximity is enough to suggest the gun was connected to the offense. Roberts, 980 F.2d at 647. The fact the codefendant, coconspirator, distributor was lawfully entitled to possess a weapon (as are most people) is not sufficient to clearly show the weapons were not connected with the offense.
 
 
 10
 The sentence imposed was supported by substantial evidence and is in conformity with applicable law and is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The original base offense level was 34. After appropriate adjustments, this resulted in a Guideline range of 168 to 210 months imprisonment. At sentencing, the government made a motion to depart downward in order to reward Mr. Sabell for his substantial cooperation to base offense level 25, which the sentencing court granted. This action resulted in a Guideline range of 63 to 78 months. The sentencing court imposed the lowest permissible sentence