35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Matt PLEDGER, Defendant-Appellant.
 Nos. 93-3105, 93-3112.
 United States Court of Appeals, Tenth Circuit.
 Sept. 9, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Matt A. Pledger appeals his sentence under the United States Sentencing Guidelines (Guidelines). He was convicted by a jury of attempting to possess with intent to distribute marijuana in violation of 21 U.S.C. 841, 846, and possessing with intent to distribute marijuana in violation of 21 U.S.C. 841. Mr. Pledger also pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. 922. Mr. Pledger argues that the district court erred in enhancing his offense level for the drug offense counts under Guideline 2D1.1(b)(2). He also argues that the district court erred in failing to group all of his counts under Guidelines 3D1.1 and 3D1.2.
 
 
 3
 Mr. Pledger was arrested when he attempted to buy drugs from a police informant. After his arrest, the officers obtained a warrant to search his residence. During the search, the officers discovered a hole in the basement floor in which they found plastic bags containing marijuana and a set of scales. In one of the plastic bags, the officers also found a shaving kit, which held a number of small plastic bags containing marijuana and a loaded Rossi .38 special revolver. Upstairs behind a couch the officers found an inoperable Savage .32 semi-automatic pistol. In Mr. Pledger's bedroom they found a box of .38 caliber ammunition and a Winchester Model 1400 12 gauge shotgun. The shotgun was not seized during the search because at the time the officers did not know Mr. Pledger was a convicted felon.
 
 
 4
 The Rossi .38 revolver was the subject of two weapon possession counts on which the jury was unable to reach a verdict. A friend of Mr. Pledger's, Marcus Wills, testified before the grand jury and at trial that the Rossi .38 revolver was his, and that he had accidentally left it at Mr. Pledger's house the night before it was found. Mr. Pledger's girl friend, Theresa Slaughter, told both the grand jury and the trial jury that she found the gun and put it in the hole to keep it away from Mr. Pledger's son. However, both Mr. Wills' and Ms. Slaughter's testimony to the grand jury differed in many significant respects from their testimony at trial.
 
 
 5
 Mr. Pledger's presentence report stated that the revolver, along with the Savage .32 semi-automatic pistol, should be used to enhance his offense level for the drug offense counts. The weapon possession count to which Mr. Pledger pled guilty involved the Winchester 12 gauge shotgun, which was not considered part of the enhancement.
 
 
 6
 Mr. Pledger first argues that the district court erred in enhancing his offense level under Guideline 2D1.1(b)(1). This guideline provides that if a dangerous weapon was possessed during the commission of a drug offense, the offense level should be increased by two levels. Mr. Pledger contends he had no knowledge of the presence of the Rossi .38 revolver in proximity to the marijuana, and thus the enhancement was unwarranted. Because this contention raises a question of fact, we review the district court's determination for clear error. United States v. Roberts, 980 F.2d 645, 647 (10th Cir.1992).
 
 
 7
 A trial judge may enhance a drug defendant's sentence if the government proves possession of a weapon by a preponderance of the evidence. Id. Once the government has met that burden, the defendant must prove that it is "clearly improbable" that the gun was connected to the offense. Id.
 
 
 8
 The district court found by a preponderance of the evidence that Mr. Pledger possessed a firearm in connection with his drug offense. It made this finding after considering that the jury could not come to a decision on the two possession charges involving the Rossi .38 revolver. The court also found that Mr. Pledger had not shown it was clearly improbable that the weapon was connected with the drug offense. We have reviewed the record and are not persuaded that the district court's findings are clearly erroneous.
 
 
 9
 Mr. Pledger also argues that the district court erred when it did not group his drug offense counts with his possession of a firearm by a felon count. This question involves a correct application of the Guidelines, which we review de novo. United States v. Norman, 951 F.2d 1182, 1184 (10th Cir.1991). Because the grouping issue was not raised below, however, our review is limited to whether the alleged misapplication of the Guidelines constitutes plain error. United States v. Olano, 113 S.Ct 1770, 1777-78 (1993), United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir.1994). In order to constitute plain error, there must be an error, it must be plain, clear or obvious, and it must affect a substantial right. Olano, 113 S.Ct. at 1777-78; Ballard, 16 F.3d at 1114.
 
 
 10
 Guideline 3D1.2 provides that "counts involving substantially the same harm shall be grouped together into a single Group." The guideline then defines when counts involve substantially the same harm. See U.S.S.G. 3D1.2(a)-(d). Mr. Pledger contends that three of these definitions, contained in subsections (a), (b) and (c), are relevant to his appeal. His argument, however, only addresses subsection (a), which states that counts involving "the same victim and the same act or transaction" should be grouped. U.S.S.G. 3D1.2(a). The commentary to Guideline 3D1.2 states that when there is no identifiable victim, as is the case here, the counts should be grouped when "the societal interests that are harmed are closely related." U.S.S.G. 3D1.2 App. note 2.
 
 
 11
 Even if the district court's failure to group the counts under this subsection was in error, the error is not plain, clear, or obvious. See Olano, 113 U.S. at 1777. It is not clear that the societal interests that are harmed when a weapon is involved in a drug offense are closely related to the societal interests harmed when a felon possesses a firearm. See United States v. Covington, 818 F.Supp. 159, 161 (E.D.Va.1993). In addition, it is far from clear that the two offenses constitute the same act or transaction. Mr. Pledger's argument, therefore, fails under the second prong of the Olano test.
 
 
 12
 Mr. Pledger does no more than merely state that 3D1.2(b) and (c) apply to his case; therefore, we will address both subsections only briefly. Subsection (b) also requires that the counts involve the same victim; therefore, the district court's failure to group under this subsection also does not constitute plain error. Subsection (c) states that counts should be grouped "when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." According to Mr. Pledger's presentence report, the shotgun that was the subject of the felon in possession count was not used to enhance the sentence for the drug convictions, nor could it have been. Because Mr. Pledger does not challenge this conclusion, 3D1.2(c) is not applicable. The decision of the district is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470