**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL DWIGHT LANDIS,

Defendant-Appellant.

No. 97-3131
(D.C. No. 96-40057-01-DES)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **BARRETT** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Daniel Dwight Landis appeals from the district court's decision sentencing him to 87 months' imprisonment following his guilty plea for attempt to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

In calculating defendant's sentence, the district court imposed a two-level upward adjustment to defendant's base offense level for possession of a firearm pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines ("USSG"). Defendant asserts that imposition of this enhancement was wrong, arguing that the government presented no evidence in support of the enhancement, and that he had no knowledge of the firearm. Defendant does not challenge any of the underlying facts in the record on which the district court relied in imposing the enhancement. We review his legal challenges de novo. See United States v. Johnson, 42 F.3d 1312, 1320 (10th Cir. 1994).

Current case law discussing the standards applicable to a review of an enhancement pursuant to § 2D1.1(b)(1) states that the government bears the initial burden of demonstrating possession of a weapon. See United States v. Smith, 131 F.3d 1392, 1400 (10th Cir. 1997) (citing United States v. Roberts, 980 F.2d 645, 647 (10th Cir. 1992), cert. denied, 1998 WL 38131 (U.S. Feb. 23, 1998) (No. 97-7651). This burden is satisfied if the evidence establishes mere proximity of the weapon to the offense. See id. The enhancement is imposed

-2-

upon this showing unless the defendant demonstrates that "it is clearly improbable that the weapon was connected with the offense."     Id. (quoting USSG § 2D1.1, application note 3).

Here, defendant argues that enhancement was improper because the government presented no evidence on point and stated at the sentencing hearing that it had no evidence defendant knew the gun was present.  First, we conclude that the government did present evidence as part of the presentence report.  Further, the government's statement at the sentencing hearing does not prevent the district court from assessing the evidence and imposing the enhancement where warranted.   Cf. United States v. Flores-Payon   , 942 F.2d 556, 562 (9th Cir. 1991) (discussing enhancement under 2D1.1(b)(1) in connection with defendant's plea bargain, stating:  "the government could not bargain away the district court's duty to consider all relevant facts in applying the Sentencing Guidelines").

Defendant also argues that imposition of the enhancement was improper because he had no knowledge of the firearm or any connection between the firearm and the offense, and that he had never seen any of his codefendants use a firearm in connection with any drug activities.  On appeal, he does not challenge the underlying facts:  that a firearm was recovered on the premises where the offense occurred, in a hallway linking living quarters and the drug lab; that the firearm was a sawed-off shotgun with a modified hand-grip; and that

the firearm was loaded. [1] See Appellant's App. at 46. Defendant testified that he previously had visited both the drug lab and the living quarters, although he said he had never seen a gun on the premises. See id. at 38-40.

Case law is clear that defendant's actual knowledge of the firearm is not required for enhancement pursuant to 2D1.1(b)(1). See United States v. Underwood, 938 F.2d 1086, 1090 (10th Cir. 1991). Indeed, this court has recognized that a sentencing court "may attribute to a defendant weapons possessed by his codefendants if the possession of weapons was known to the defendant or reasonably foreseeable by him." Smith, 131 F.3d at 1400 (quotation omitted); see also United States v. Garza, 118 F.3d 278, 285-86 (5th Cir. 1997) (district court "may ordinarily infer that a defendant should have foreseen a codefendant's possession of a dangerous weapon, such as a firearm, if the government demonstrates that another participant knowingly possessed a weapon while he and the defendants committed the offense") (quotation omitted), cert. denied, 118 S. Ct. 699 (1998). We agree with the district court that defendant has not met his burden to demonstrate that it was "clearly improbable" that the firearm was connected to the offense. He has not argued that his

---

[1] His objections to the presentence report contained an assertion that there was no allegation that the firearm was loaded. He does not continue this challenge on appeal.

codefendant's possession of a weapon was not reasonably foreseeable. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge