**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD DERECK BURNETT,

Defendant-Appellant.

No. 96-6418
(Western District of Oklahoma)
(D.C. No. 96-CR-93-L)

## ORDER AND JUDGMENT[*]

Before **PORFILIO**, **BRORBY**, and **MURPHY**, Circuit Judges.

Ron Dereck Burnett appeals his convictions and sentences for possession of cocaine with intent to distribute and conspiracy to possess cocaine and cocaine base with intent to distribute. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# BACKGROUND

On May 15, 1996, a Texas police officer stopped a Lincoln Town car for speeding. During the traffic stop, the officer learned that the Lincoln was a rental car and that the driver, Wyoma Johnson, was not an authorized operator of the car. A subsequent search of the car uncovered approximately five kilograms of cocaine hidden in a spare tire in the trunk of the Lincoln.

Johnson was placed under arrest. He agreed to cooperate with authorities and informed them that he was to deliver the cocaine to Burnett in Oklahoma City. Arrangements were then made to transport Johnson, the Lincoln, and the cocaine to Oklahoma City.

On May 16, Oklahoma City police planned a controlled delivery of the drugs to Burnett's residence. Officers replaced a portion of the cocaine recovered from the spare tire back inside the tire and returned it to the trunk of the Lincoln. Johnson paged Burnett from a pay phone. Burnett returned his call and instructed Johnson to meet him at his residence. The police placed a wire on Johnson and arranged for videotaped surveillance of Burnett's home. The police also obtained a search warrant for the residence.

Johnson drove the Lincoln to Burnett's residence, parked in the driveway, and entered the house. After some discussion in the house, Burnett came out of the house, removed the spare tire containing cocaine from the trunk of the

Lincoln, and carried it into the house. After some further discussion in the house, Burnett and a female later identified as Sharon Shaw came out of the residence. Burnett replaced the spare tire in the trunk of the Lincoln and Shaw got into the Lincoln. As Shaw drove away from the residence, she was stopped and placed under arrest. The tire with the cocaine was recovered from the trunk of the Lincoln.

Shortly after Shaw left, Burnett and Johnson came out of the house and went to Burnett's car parked in the driveway. Burnett opened the trunk of the car. Police officers then moved in, arresting Burnett and executing the search warrant. The officers found a handgun in the trunk of the car in the driveway. They also found a set of scales in the car. The officers further found an assault rifle in the trunk of another car which was parked in the garage outside the residence. Also in the trunk of this car was a tool used to remove the rim from tires and an ice chest containing a handgun, marijuana, cocaine, glassware, and baggies. Inside the house, officers found a jar containing various items of drug paraphernalia.

Burnett was charged with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and with conspiracy to possess cocaine and cocaine base with intent to distribute, in violation of 21 U.S.C. § 846.[1] Following

---

[1] The conspiracy charge covered the period of May 1995 through May 1996. The possession charge was for the transaction occurring on May 16, 1996.

a jury trial, Burnett was found guilty on both counts. Burnett was sentenced to 276 months imprisonment on both counts, the sentences to run concurrently, and five years supervised release for both counts, to run concurrently.

On appeal, Burnett asserts (1) the district court erred in refusing to grant his motion to suppress evidence obtained from his residence because the officers made an unannounced entry into the house while executing the search warrant, in violation of the Fourth Amendment; (2) the district court erred in admitting evidence of firearms found during the search of Burnett's residence because any probative value of this evidence was greatly outweighed by its prejudicial effect; and (3) the district court erred in applying a two-level sentence enhancement for possession of a firearm.

## ANALYSIS

### A. Execution of Search Warrant

Burnett first asserts the district court erred in denying his motion to suppress evidence obtained during the search because the officers' method of executing the search warrant violated his Fourth Amendment right against an unreasonable search. "In reviewing the denial of a motion to suppress, we accept the trial court's findings of fact unless they are clearly erroneous and we view the evidence on appeal in a light most favorable to the government." *United States v. Knapp*, 1 F.3d 1026, 1027 (10th Cir. 1993).

Burnett asserts the execution was unreasonable because the officers failed to "knock and announce" their presence before they forcibly entered his residence and because there were no circumstances justifying an unannounced entry. *Cf. Wilson v. Arkansas*, 115 S. Ct. 1914, 1918 (1995) (holding that whether officers knock and announce their presence and authority before entering a dwelling is a factor to be considered in determining the constitutional reasonableness of a search). The agent in charge of the search, however, testified at trial that the officers did knock and announce their presence before the officers entered Burnett's residence. Further, despite Burnett's assertions otherwise, the videotape of the warrant execution does not demonstrate that the officers failed to knock before entering Burnett's home. Based on the evidence in the record, therefore, the district court did not err in denying Burnett's motion to suppress.

B. Admission of Firearm Evidence

Burnett next argues the district court erred in allowing the jury to consider evidence of firearms found during the search of Burnett's residence because any probative value of the evidence was substantially outweighed by its prejudicial effect. Under Rule 403 of the Federal Rules of Evidence, the trial judge must determine whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice. "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case. Rather, the evidence must have 'an

undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir. 1991) (quoting Fed. R. Evid. 403 advisory committee's note) (internal citations omitted). A trial judge has broad discretion under Rule 403 in balancing the probative value of evidence against its prejudicial effect, and this court will reverse only upon a showing of abuse of that discretion. *See id.*

Over Burnett's objections, the district court allowed the government to present evidence of three firearms found during the search of Burnett's residence. The government presented evidence that officers found one firearm in the trunk of the car Burnett was standing beside when arrested. Officers found a second firearm, a rifle, in the trunk of another vehicle parked inside Burnett's garage. Beside the rifle, the officers found a tool for removing the rim of tires and an icebox in which there was a handgun, as well as marijuana, cocaine base, glassware, and baggies. In response to Burnett's argument at trial that the evidence should not be admitted, the government asserted that the evidence was relevant to prove that Burnett possessed drugs with intent to distribute.

Burnett asserts the firearm evidence was improperly admitted because it had no probative value. Burnett notes that he was not charged with use of a firearm during the charged drug offenses and further asserts the government failed to link the weapons to any drug transactions as there was no evidence

Burnett actually employed the weapons during the observed drug transaction. Burnett also argues the weapon evidence was not relevant to show that he was involved in drug distribution because he "conceded that he was a dealer in cocaine from the very beginning of trial." Burnett further contends that any probative value of the evidence was substantially outweighed by its prejudicial effect.

This court has previously recognized that evidence of firearms is sufficiently probative to warrant admission under Rule 403 to show that a defendant is involved in drug distribution. *See id.* at 1083. As stated in *Martinez*, firearms "have generally been viewed as 'tools of the trade'--that is, means for the distribution of illegal drugs." *Id.*; *see also United States v. Blackstone*, 56 F.3d 1143, 1145 (9th Cir. 1995) (noting that courts assuming a connection between drugs and guns explain that "drug traffickers typically possess weapons to guard their drugs and money" (internal quotations omitted)). In this case, because Burnett was charged with drug distribution offenses, evidence that he possessed firearms was probative.

The fact that Burnett was not charged with possession a firearm but only with drug possession and conspiracy charges does not render firearm evidence irrelevant or inadmissible. *See Martinez*, 938 F.2d at 1083 ("It is basically immaterial to the admissibility inquiry in cases like these whether the accused has

been charged with an offense directly related to his or her possession of a 'tool of the trade.'"). In addition, Burnett's concession at trial that he was a drug dealer did not cause the firearm evidence to be inadmissible, as Burnett did contest the particular drug distribution charges at issue in this case.

We also reject Burnett's assertion that the evidence was not relevant because the government failed to establish that the weapons were connected to the charged offenses. Burnett asserts that the weapons were not actually employed during the surveilled drug transaction, but were uncovered by the police only after the transaction was completed and thus after any conspiracy to distribute drugs had ended. The fact, however, that the police did not observe Burnett using the weapons during the surveilled drug transaction and that the weapons were not recovered by police until the conspiracy ended did not mean that the weapons were not involved in the ongoing conspiracy before the conspiracy necessarily ended as a result of police intervention.

Burnett's reliance on *United States v. Blackstone*, 56 F.3d 1143 (9th Cir. 1995), to support his claim that the firearm evidence had no probative value is misplaced. In *Blackstone*, the defendant was charged with possession of a firearm by a felon. *See id.* at 1145. The Ninth Circuit Court of Appeals held that the trial court abused its discretion in allowing the admission of drug-related evidence because the evidence established only that the defendant had marijuana for his

personal use. *See id.* at 1145-46. Such evidence, the court reasoned, was "simply not relevant to his knowing possession of the gun." *Id.* at 1145. In this case, by contrast, the charges against Burnett involved drug distribution, not merely the possession of small amounts of drugs for personal use. The government introduced evidence at trial that the search of the Lincoln, Burnett's residence, and the other vehicles parked at Burnett's home had uncovered large quantities of drugs as well as other evidence consistent with drug trafficking. Therefore, unlike the circumstances in *Blackstone*, in this case there was a "logical nexus" between the firearms and the charged drug activity. *Id.*

Finally, Burnett has not established that the evidence had an undue tendency to suggest a decision on an improper basis and that this tendency substantially outweighed the evidence's probative value. We therefore conclude the district court did not abuse its discretion in admitting the evidence.

### C. Sentence Enhancement for Possession of Firearm

Burnett finally contends the district court improperly enhanced his sentence for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1).[2] We review the district court's application of the Sentencing Guidelines de novo, but review the

---

[2]Section 2D1.1(b)(1) of the Sentencing Guidelines provides: "If a dangerous weapon (including a firearm) was possessed, increase by **2** levels." U.S.S.G. § 2D1.1(b)(1).

district court's factual findings at sentencing for clear error. *See United States v. Johnson*, 42 F.3d 1312, 1320 (10th Cir. 1994).

The Sentencing Guidelines provide that a two-level enhancement for possession of a weapon "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the [drug] offense." U.S.S.G. § 2D1.1 application note 3. In applying the Guidelines, this court has held the government initially bears the burden of establishing the temporal and physical proximity of the weapon to the drug offense. *See United States v. Lang*, 81 F.3d 955, 964 (10th Cir. 1996). Once the government meets its burden of showing proximity, the burden shifts to the defendant to show that the enhancement should not apply because it is "clearly improbable" the weapon was connected with the offense. *See id.*

Burnett asserts the firearms in this case "were not in such close proximity to warrant sentence enhancement." Burnett specifically argues that because the firearms were located in the trunks of two different vehicles, the firearms were not immediately accessible during the observed drug transaction and therefore the government could not meet its burden of establishing proximity.[3]

---

[3]Burnett also asserts "the Government failed to prove that the firearms at issue were connected with the cocaine transaction in any way." As indicated above, however, the government's burden is simply to establish proximity. The government is not required to prove that the firearms were "probably connected to the offense." *United States v. Roberts*, 980 F.2d 645, 647 (10th Cir. 1992).

In determining whether the sentence enhancement applied, however, the district court was not restricted to considering whether the firearms were actually used or immediately accessible during the observed drug transaction. Instead, for sentencing purposes, the court considers all relevant conduct. *See United States v. Washington*, 11 F.3d 1510, 1516 (10th Cir. 1993) (citing U.S.S.G. § 1B1.3). In drug cases such as this requiring grouping of multiple counts, specific offense characteristics, such as whether a firearm was possessed, "are to be determined with reference to all acts 'that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" *United States v. Roederer*, 11 F.3d 973, 982 (10th Cir. 1993) (quoting U.S.S.G. § 1B1.3(a)(2)). Therefore, in determining whether an enhancement applies for possession of a firearm, the sentencing court may consider firearms possessed not only while engaging in drug activities forming the specific basis of each charged offense, but also firearms possessed while engaging in activities found by the court to be related to, though distinct from, the crimes of conviction. *See United States v. Falesbork*, 5 F.3d 715, 720 (4th Cir. 1993).

Generally, to establish proximity, "'the government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred.'" *Roederer*, 11 F.3d at 983 (quoting *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991)). In this

case, two of the firearms found by the officers were located in close physical proximity to drugs and drug paraphernalia in the trunk of the car parked in the garage. A third firearm was found in the trunk of a car in which the officers found further evidence of drug distribution. Both firearms were found at Burnett's residence where the observed drug transaction took place. Although the officers did not observe Burnett actually employing the firearms during the surveilled drug transaction, the proximity of the firearms to other drugs and drug paraphernalia was sufficient for enhancement because the Sentencing Guidelines only require that a firearm be present during some portion of the ongoing crime or relevant conduct. *Cf. id.* at 981-83 (holding enhancement for possession of firearms found in defendant's apartment was appropriate although the drug distribution charged did not occur in the apartment).

Because the government established proximity, the burden shifted to Burnett to show it was clearly improbable the firearms were connected with the drug offenses. Burnett did not meet this burden. Accordingly, the district court did not err in applying the two-level enhancement for firearm possession.

## CONCLUSION

The district court did not err in refusing to grant Burnett's motion to suppress evidence obtained from his residence, nor did the court abuse its discretion in admitting at trial evidence of firearms found at Burnett's residence.

-12-

Finally, the district court did not err in enhancing Burnett's sentence for firearm possession. Accordingly, we **AFFIRM**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge