**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

PEDRO AYALA TORRES, JR., also
known as Pete Torres,

     Defendant-Appellant.

No. 98-6322
(D.C. No. CR-97-73-A)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Pedro Ayala Torres, Jr., pled guilty to conspiring to distribute and to possess with intent to distribute cocaine powder under 21 U.S.C. § 846, but denied responsibility for cocaine base (crack). He contends the district court abused its discretion in denying his motion to withdraw his guilty plea because the court considered crack in his sentencing. He also argues the court improperly calculated his sentence.[1] We affirm.

Before accepting Mr. Torres' guilty plea, the district court carefully reviewed the plea agreement with him to confirm that he understood the sentencing court's discretion. As his counsel stated, "[Mr. Torres] does understand that at sentencing all relevant conduct, which may involve other types of substances, may be brought in even though he's not pleading guilty to selling them." Rec. vol. 3 at 3. After reviewing his Presentence Report (PSR) but before sentencing, Mr. Torres moved to withdraw his guilty plea. The district court denied the motion and at sentencing included five kilograms of crack cocaine as relevant conduct in calculating the base level offense. The court also denied a downward adjustment for acceptance of responsibility, included an upward adjustment for possession of firearms, and sentenced Mr. Torres to

---

[1]Mr. Torres asserts that the government's evidence was illegitimate when proffered from witnesses who exchanged testimony for plea agreements or leniency. This argument is meritless in light of *United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1999) (en banc).

360 months incarceration.

Mr. Torres asserts he should be allowed to withdraw his plea as involuntary and unknowing because he believed crack cocaine would not be included in his sentence. We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Graves*, 106 F.3d 342, 343 (10th Cir. 1997). "Although '[o]ne who enters a guilty plea has no right to withdraw it,' *United States v. Hickok*, 907 F.2d 983, 985 (10th Cir.1990), a district court may permit withdrawal of a plea prior to sentencing 'upon a showing by the defendant of any fair and just reason,' Fed.R.Crim.P. 32(d)." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (additional citation omitted). The defendant bears the burden of demonstrating a fair and just reason. *See id.* at 1070-71.

We review whether a plea is voluntary and knowing as a question of law subject to de novo review. *See United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990). The defendant's decision to plead must constitute a "deliberate, intelligent choice." *Id.* There is no indication that Mr. Torres' plea was anything but deliberate and intelligent. The district court's meticulous questioning assured no Rule 11 violations and Mr. Torres claims none. Nor does he profess innocence to the powder cocaine offense to which he pled. Rather, he objects to the inclusion of the crack, contending it's a modification of his original plea. This is

a meritless argument. The district court included the crack as relevant conduct, a concept that Mr. Torres fully acknowledged in his Rule 11 proceeding and that the guidelines wholly embrace in U.S.S.G. § 1B1.3(a)(1)(B), which states that the base offense level shall be determined by "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Consequently, we hold Mr. Torres' guilty plea to be voluntary and knowing, defeating his rationale for withdrawal.

Mr. Torres also challenges the credibility of the witnesses that link him to the crack cocaine. We review for clear error a district court's findings of fact when calculating drug quantities that are used as other relevant conduct. *See United States v. Boyd*, 901 F.2d 842, 845 (10th Cir. 1990). "[W]e accord considerable deference to the district court's credibility determinations in sentencing proceedings." *United States v. Cook*, 949 F.2d 289, 297 (10th Cir. 1991). After two separate witnesses corroborated that Mr. Torres watched his cocaine being cooked up into crack, the district court found it foreseeable that he knew the cocaine he sold was to be distributed as crack. With due deference to the court, we determine no error in linking Mr. Torres with the relevant conduct.

Mr. Torres next challenges two other sentencing issues, the denial of a downward adjustment for acceptance of responsibility pursuant to § 3E1.1 and an upward adjustment for possession of firearms under § 2D1.1(b)(1). In applying

the sentencing guidelines, we review the district court's factual findings for clear error while reserving de novo review for issues of law. *See United States v. Roberts*, 980 F.2d 645, 647 (10th Cir. 1992) (firearms); *United States v. Hansen*, 964 F.2d 1017, 1019-1020 (10th Cir. 1992) (acceptance of responsibility).

The sentencing judge is entitled to great deference on review of its determination regarding acceptance of responsiblity. *See* U.S.S.G. § 3E1.1 comment. n.5. To demonstrate acceptance of responsibility, a defendant need not volunteer or affirmatively admit relevant conduct. "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.* at comment. n.1(a). In Mr. Torres' misguided attempt to withdraw his plea, his substantial effort to persuade the court of his lack of any knowledge of the distribution of crack cocaine constituted a false denial of relevant conduct for which the court has clearly found him responsible. Under the circumstances, we agree with the district court that Mr. Torres is not entitled to a reduction for acceptance of responsibility.

For possession of a firearm, the guidelines permit an upward adjustment "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1(b)(1) comment. n.3. The government has the initial burden of proving possession. *Roberts*, 980 F.2d at 647. An

enhancement is appropriate "for mere possession of a dangerous weapon even if there is no evidence other than proximity to suggest the gun was connected to the offense," unless the defendant shows that a connection between the gun and the offense was clearly improbable. *Id.*

Mr. Torres first disputes the credibility of the two witnesses who testified to seeing the gun during his drug transactions. Credibility is necessarily determined by the district court, *see United States v. Cook*, 949 F.2d at 297, and in light of the evidence here, the court properly found the gun present. Alternatively, Mr. Torres argues that evidence of a gun traded for drugs and placed in a glove compartment during a drug transaction does not warrant an enhancement. We disagree. Under the guidelines, the mere presence and possession of the gun justifies an enhancement, which is insufficiently rebutted by Mr. Torres' contentions that the law states otherwise. The district court properly included the two-point enhancement for possession of a firearm.

In sum, we **AFFIRM** the district court in all respects.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge