**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBERT DALE SMITH,

      Defendant-Appellant.

No. 99-6342
(D.C. No. CR-99-43-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **HENRY,** Circuit Judges.

Robert Dale Smith appeals his conviction after a jury trial on four counts related to the manufacture and distribution of methamphetamine in violation of 21 U.S.C. § 841(a) and (d) and 21 U.S.C. § 856(a)(1). We affirm.

**I**

Mr. Smith first argues the district court erred in denying his pre-trial motion to suppress evidence obtained during a search of his home without first holding an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978),

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to determine the validity of the search warrant. Mr. Smith asserts the warrant was not supported by probable cause because the police relied on an unknown confidential informant, three witnesses cited in the warrant affidavit later denied having made the alleged statements, and the warrant affidavit omitted any mention of the criminal history of a fourth witness. After review of the Affidavit for Search Warrant, the district court concluded Mr. Smith was not entitled to a *Franks* hearing because he failed to meet his burden of showing deliberate falsity or reckless disregard for truth in the warrant affidavit. Furthermore, the court determined "the totality of information contained in the affidavit" supported a finding of probable cause even absent the disputed material.

Assuming a criminal defendant makes a substantial preliminary showing that a search warrant was issued based upon false statements made knowingly or recklessly in the warrant affidavit, "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171-72. The district court denied Mr. Smith's motion for a *Franks* hearing based on its belief that the warrant affidavit contained sufficient information to support the probable cause finding even absent the disputed witness statements. We thus review the sufficiency of the remaining information to see whether it presented the "issuing magistrate [with]

-2-

a substantial basis for finding probable cause, giving great deference to the issuing magistrate judge's decision." *United States v. Kennedy*, 131 F.3d 1371, 1375 (10th Cir. 1997) (internal quotations omitted). Considering the totality of the circumstances, the judge must have had substantial basis to "conclud[e] that a search would uncover evidence of wrongdoing." *Id.* at 1378 (internal quotations omitted).

In this case, leaving out the statements of the contested witnesses, there remained a telephone call from a confidential informant stating that methamphetamine was being manufactured in Mr. Smith's house. This assertion was corroborated by the presence of the drug in a car searched as it left the house and the uncontested statement of a witness that he saw methamphetamine and manufacturing supplies when he was inside the house. Giving the required deference to the magistrate judge's determination, this information was sufficient to support issuance of a search warrant for Mr. Smith's home.

Although the warrant affidavit omitted mention of the key witness's past felony conviction and possible involvement in the manufacturing operation, in the face of corroborating evidence this omission was not substantial enough to vitiate the finding of probable cause.[1] *See id.* at 1377 ("[I]n order to invalidate a

---

[1] Because we affirm the district court's finding that the warrant was supported by probable cause, we need not decide whether Mr. Smith met his burden of showing deliberate falsity or reckless disregard for the truth under the

warrant based on a reckless omission, the information excluded from the affidavit must be *material* to the magistrate judge's finding of probable cause." (emphasis added)).  Consequently, the district court did not err in denying an evidentiary hearing on the *Franks* issue.

## II

Mr. Smith also contends the evidence at trial was not sufficient to support the jury's verdict.  "[W]e reverse on a sufficiency of the evidence claim 'only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Haslip*, 160 F.3d 649, 652 (10th Cir. 1998), *cert. denied*, 526 U.S. 1044 (1999); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  In making this determination, we "view the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government."  Haslip, 160 F.3d at 652.  In light of trial testimony by two witnesses placing Mr. Smith at his home on the night in question, testimony by a police expert stating the manufacture of methamphetamine had likely gone on for several weeks, substantial amounts of methamphetamine found on the scene, and evidence placing manufacturing activities in virtually every room of Mr. Smith's house, enough evidence was presented for a rational juror to conclude that Mr. Smith was guilty of the possession and manufacture of methamphetamine.

---

*Franks* standard.

Mr. Smith argues essentially that the testimony of one defense witness placing him over a hundred miles away from his home on the night in question was more credible than testimony of the prosecution witnesses placing him at the scene. Determinations on the credibility of witnesses and the weight of evidence are entirely within the province of the jury, and "unless the testimony is 'inherently incredible'. . . . we must resolve credibility choices in favor of the jury's verdict." *United States v. Smith*, 131 F.3d 1392, 1399 (10th Cir. 1997); *see also United States v. Springfield*, 196 F.3d 1180, 1184 (10th Cir. 1999) ("We do not question the jury's credibility determinations or its conclusions about the weight of the evidence."), *cert. denied*, 120 S.Ct. 1444 (2000). We find nothing "inherently incredible" in the testimony of the prosecution witnesses in this case. Mr. Smith's challenge to the jury verdict must fail.

**III**

Finally, Mr. Smith appeals the application of a two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of firearms in connection with a drug trafficking offense. We review the district court's application and interpretation of the Sentencing Guidelines *de novo* and review any underlying factual findings for clear error. *See United States v. Dickerson*, 195 F.3d 1183, 1188 (10th Cir. 1999); *United States v. Flores*, 149 F.3d 1272, 1279 (10th Cir. 1998), *cert. denied*, 525 U.S. 1092 (1999).

While searching Mr. Smith's residence in January 1999, police found a number of guns in a living-room cabinet, a loaded nine-millimeter handgun in a bedroom drawer, and two rifles (one a semi-automatic assault rifle) in the closet of the same bedroom. Drug paraphernalia and digital scales were found in the room, with more drug paraphernalia and a quantity of methamphetamine in an adjacent bathroom. In addition, police testimony at trial established that evidence of various stages of drug manufacturing activity was "strung throughout the entire residence."

When arguing for a sentencing enhancement based on weapons possession, the government must prove by a preponderance of the evidence that the defendant possessed a dangerous weapon such as a gun "in proximity" to the drug offense. *See United States v. Roberts*, 980 F.2d 645, 647 (10th Cir. 1992). The burden then shifts to the defendant to prove "an exception to the blanket rule that mere proximity is sufficient," which exists only if evidence suggests it is "clearly improbable" that the gun was connected to the drug offense. *Id*.; *see also Dickerson*, 195 F.3d at 1188. The district court applied this exception to the majority of the guns found in Mr. Smith's home, determining the guns in his living room gun cabinet were most likely connected to his hunting hobby rather than to the drug offenses. However, the court held the sentencing enhancement should be applied based on the presence of the loaded nine-millimeter handgun

in a room in which drug paraphernalia was present, a decision supplemented by the presence of the semi-automatic assault rifle in the same bedroom. This determination was not clearly erroneous. *See, e.g.*, Dickerson, 195 F.3d at 1188 (noting that one found guilty of controlling a building for the purpose of illegal drug activity under 21 U.S.C. § 856(a) is accountable for possession of firearms within the building); *United States v. Contreras*, 59 F.3d 1038, 1040 (10th Cir. 1995) (upholding a sentencing enhancement despite the defendant's assertion that his gun was kept for "personal home protection"); *Roberts*, 980 F.2d at 647-48 (finding an unloaded semi-automatic weapon present in a home in which drugs were stashed was "most likely" connected to the drug offense).

For the reasons given above, we **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge